ALBANY,<br>October, 1835.<br>Bailey<br>v.<br>Adams.

---

BAILEY <em>vs.</em> ADAMS.

The *lien* of a mechanic for work done by him, is discharged by an agreement on his part to look to the personal credit of his debtor or another, for satisfaction of his demand.

Whether a third person can avail himself of a *lien* in favor of a mechanic, in the defence of an action of *trover* brought for the recovery of a chattel, *quere.*

Where a *levy* was made under an attachment, on property in the hands of a mechanic, and the officer did not take actual possession of it, but left it as he found it ; and the plaintiff in the attachment as soon as informed that there was a claim to it by a third person, gave notice to such person that he relinquished all right to the property, *it was held* that a *conversion* had not been proved, and that an action of *trover* would not lie.

ERROR from the Onondaga common pleas. Bailey sued Adams in an action of *trover* for a wagon, in which the defen-

Bailey
v.
Adams.

dant pleaded the general issue. The plaintiff proved that he bought the wagon of one Collier and paid him $65 for it. The wagon at the time of the purchase was at the shop of a wagon-maker, one Aaron Drake, where it had been taken by Collier for the purpose of having a box made and painted. It was agreed between Collier and the plaintiff, that the plaintiff should pay Drake two dollars towards the painting, and Collier should pay the balance of the demand for painting in tailor's work: to which arrangement Drake assented. Before the wagon was finished, and whilst it remained at Drake's shop, it was levied on by a constable by virtue of a justice's attachment against Collier in favor of the *defendant*. The levy was made by the direction of the defendant. The constable made a minute of the levy, and left the wagon with Drake and asked him to take care of it for him. The levy was made 1st June, 1832. Ten or twelve days after the levy, the constable saw the plaintiff and told him, by the directions of the defendant, that he had no claims upon the wagon. The plaintiff answered that he bought the wagon to sell, that it was well sold, and that he would have nothing to do with it. The wagon was subsequently sold on an execution in favor of Drake against Collier. This suit was commenced 18th August, 1832. It was insisted on the part of the defendant, that the plaintiff had not shown himself entitled to the possession of the wagon, inasmuch as Drake had a *lien* upon it for the two dollars agreed to be paid by the plaintiff, and which had not been shown to have been paid, or offered to be paid; and for that cause the defendant moved that the plaintiff be *nonsuited*. The court granted the motion, and judgment of nonsuit was accordingly entered. The plaintiff sued out a writ of error.

*B. Davis Noxon*, for the plaintiff in error, insisted that Drake had no *lien* upon the wagon, that having accepted the personal responsibilty of the plaintiff for a portion of his demand for work done upon the wagon, and agreed to receive his pay for the balance in work to be done by Collier, he waived any *lien* that he otherwise might have had, 2 *Kent's Comm.* 500; *Yelv.* 67, *b.*; 16 *Vesey*, 4; 9 *Cowen*, 52. But if

Drake had a *lien*, Adams the defendant in this cause cannot avail himself of it for his defence. 2 *N. Hamp. R.* 319. 3 *Starkie's Ev.* 1504. 5 *T. R.* 606. 7 *East*, 5, 6, 7. 2 *Saund.* 47, b. 2 *Rolle's Abr.* 569. *Bacon's Abr. tit. Trover, C.*

*S. Stevens,* for the defendant in error, insisted that Drake had a lien for the two dollars to be paid by the plaintiff, and that where there exists a lien upon personal property, the right of action in the *general owner* is not complete until the lien be satisfied, 6 *Wendell,* 608 ; 9 *Cowen,* 52 ; and until then he cannot bring an action against a third person. He also contended that there was no proof of a conversion of the wagon by the plaintiff. There had been no removal of it from the possession of Drake, and long before the suit was brought the defendant surrendered all claim to it, and gave notice of such surrender to the plaintiff, which purged any trespass that might have been committed.

*Noxon,* in reply, said that it was the settled law of this court, that a levy, although not followed up by a removal of property, was a *trespass* for which an action would lie ; and if so it could not be purged by an abandonment of claim.

*By the Court,* SUTHERLAND, J. The title of Bailey to the wagon in question was sufficiently established. Drake waived his *lien* upon it for making and painting the box, by his special agreement to take his pay in tailoring from Collier, except to the amount of two dollars which Bailey was to pay. It is evident that the personal credit of the parties was intended to be relied upon. No time was fixed within which the tailoring was to be done, and if the lien was not to be considered as waived, it might continue for an indefinite time. It seems to be well settled that a special agreement of this description discharges the lien. 2 *Kent's Commentaries,* 500. 16 *Vesey,* 275. 1 *Mason,* 191. 4 *Wheaton,* 255. 9 *Cowen,* 52. It is unnecessary therefore to consider the question, whether a third person can avail himself of the *lien* in favor of a mechanic, in order to defeat an action of *trover* brought to recover the chattel. There are authorities on both sides of the question. 2

*N. Hamp. R.* 319.    5 *T. R.* 606.    7 *East,* 5.    2 *Saund.*
47, *b.*    9 *Cowen,* 52.    6 *Wendell,* 608.    4 *id.* 292.

But I do not think that enough was done by the defendant
to constitute a conversion.    He directed a levy upon the
wagon while unfinished at the shop of *Drake*; he did not
take possession of it, but left it as he found it, and as soon as
he was informed that the plaintiff claimed the wagon, he
gave him notice that he relinquished all claim or right to it.
The actual possesion of the property was not changed; the
plaintiff was put to no charge in respect to it, and I think
ought not to be permitted to sustain this action.   *See Reynolds*
v. *Shuler,* 5 *Cowen,* 323, and *Bristol* v. *Burt,* 7 *Johns. R.* 254,
where all the cases are referred to.

Judgment affirmed.