Johnson, J.
The levy made by the Deputy Sheriff, Bagg, upon the horse Young Prospect, was sufficient. The proof showed that he went into the stable where the horse was. with the defendant in the execution, and there, the horse being in his view, told the defendant in the execution that he had an execution against his property in favor of the Knapps, and that he then levied on the horse to apply on the execution, and that the defendant must not move the horse. To this no objection appears to have been made by the defendant in the execution. The judge ruled that this made out a sufficient levy, and that a manual seizure of the property was not necessary. In Green v. Burke (23 Wend., 490), and Connah v. Hale (23 id., 462), the question, what is a sufficient levy, was fully discussed by Mr. Justice *278 Cowen, in delivering the opinions of the supreme court m those cases, upon an examination in détail of the authorities, and the conclusion was arrived at that a manual interference with the property was not necessary, but that an assertion of right by an officer, in virtue of process in his possession in respect to goods within his power, is an actual taking-possession of them, and is sufficient to subject him to an action of trespass; if his process does not protect him. The case of Bailey v. Adams (14 Wend., 201) was examined, in that connection, and shown to be inconsistent with the current of authority in this state, so far as it favors the view that manual interference with the property is essential to a valid levy. In the subsequent case of Camp v. Chamberlain (5 Denio, 198), Chief Justice Beardsley maintains, in substance, the same doctrine as is contained in the cases in 23 Wend.
It was shown by the proof that, early in October, 1849, the horse in question came into the hands of the defendant, and was disposed of by him, and the jury, under instructions not complained of, have found in accordance with the proof, and have found against any rightful superior title in Binninger, so that ,the general question in the cause depends upon the effect of the return of the execution nulla bona, in 1850, by the deputy sheriff, and the subsequent, cancellation of that return by the order of the supreme court. The supreme court possesses general authority over its own records, and may in its discretion permit amendments of them to be made. The practice is very common and the power well ascertained. (Adams v. Smith, 5 Cowen, 280; 2 Cowen Hill’s Notes to Phil. on Ev., 1096.) The defendant is not in a position where he can controvert the authority of the court or the effect of the amendment. His responsibility for the horse arose out of his own wrongful acts before the return was made. The return gave him no right. He did nothing upon the faith of it. If it had not been amended, it could only have operated in his favor, as an obstacle to the plain *279 tiff’s assertion of liis rights, and not because it conferred any right upon the defendant.
The court, therefore, committed no error in holding that if the jury found that the property belonged to Bride as against creditors, and was wrongfully taken and converted by the defendant, after the levy and before the return of the execution, the return was well amended. This also disposes of the question upon the judge’s refusal to allow the defendant to amend his answer, as the object of the application wras to enable the defendant to raise the question of the effect of the original return and its amendment upon the plaintiff’s right to maintainy the action, and we 'have seen that the defendant’s position as to the effect of the return could not be sustained.
The only other question which requires to be noticed is the refusal of the judge to allow the defendant to read as evidence the letter of Bagg, the deputy sheriff, written to the plaintiffs in the execution, in October, 1849. It was written after the property had come into the defendant’s hands, and was in no possible view competent.
The judgment should be affirmed.
Hubbard, J.
No doubt can be entertained of the fact of the levy in question. The deputy of the sheriff went into the stable where the horse stood, and then, in the presence of the defendant in the execution, produced the execution and declared that he levied and forbid all removal or interference with the horse. It was not necessary that the sheriff should manually touch the horse or remove it from the stable; the animal was within his dominion, and except for the protection of his process he would have been a trespasser within the well settled principles of law. (5 Denio, 198; 16 John., 287; 2 Hill, 666.) The motion for nonsuit, on the ground of the want of proof of a levy, was therefore properly overruled.
*280 There was abundant proof of the fact of conversion by the defendant. It is inferable from the evidence that he removed the horse out of the state with the deliberate design of placing it beyond the reach of the sheriff by virtue of the levy.
The letter written by the deputy sheriff to the plaintiffs in the execution was not competent evidence for any purpose against the plaintiff. That letter was written after the defendant’s conversion, and at a time when the deputy did not assume to act officially. It related to matters of information concerning, the title to the property levied on, and was in no respect competent against his principal, the sheriff.
After the removal of the horse by the defendant from the county of Oneida, where the levy was made, the deputy sheriff returned the execution nulla bona, and filed the same in the clerk’s office. Subsequently, upon instance of the sheriff, the court allowed the execution to be taken from the files and the return to be stricken out. On the trial it was insisted that the sheriff was concluded by the return, and that it could not be contradicted by showing that a levy was actually made. The objection against the revival of the process goes to the power of the court. That the court possessed the power to authorize the correction of the return, to reinvigorate the process by erasing the return of nulla, bona, cannot admit of doubt. It has the amplest jurisdiction over its records. No notice of that motion was necessary to be given to the defendant. He had no legal interest in the question. He -was a trespasser committing the wrong prior to the return of the execution. He acquired no rights founded on the faith of the return. It is not the case of a bona fide purchaser after the return was made, acting upon the assumption of its truthfulness. There is, therefore, no question of estoppel arising in the case.
The plaintiff’s right of recovery in this action did not depend upon the fact of his having been compelled to respond to the plaintiffs in the execution for the value of the horse, *281 on the ground of a levy. His right is predicated on the special property acquired by virtue of the levy, as against the defendant who is a wrong-doer. (Barker v. Miller, 6 John., 195; Dezell v. Odell, 3 Hill, 215.)
The judgment must be affirmed.
Judgment accordingly.