## WILLIAM POLLEY *vs.* LENOX IRON WORKS.

A deputy sheriff who has made an attachment of bulky articles of personal property, and, without retaining possession thereof, deposited a copy of the writ and of his return in the town clerk's office, under Rev. Sts. c. 90, § 33, cannot maintain trover against a person who has procured a subsequent similar attachment to be made of the same property, but has not touched or removed or caused anything to be done to it.

ACTION OF TORT by a deputy of the sheriff of Berkshire for the conversion of a large quantity of plate glass — which the plaintiff had attached on mesne process in favor of George C. Hubbell, and, considering it to come within the provisions of the Rev. Sts. *c.* 90, § 33, did not retain possession of it, but deposited a copy of the writ and of the return of his attachment in the town clerk's office — against other creditors of the same debtor, who subsequently caused it to be attached in like manner by Pease, another deputy of the same sheriff, who took a receipt for it from an agent of the debtor, but did not otherwise intermeddle with or remove it.   At the trial in the superior court, *Putnam*, J. ruled that the above facts, if proved, constituted a conversion, the jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*H. W. Bishop*, ( *G. J. Tucker* with him,) for the defendants.

*J. E. Field & J. D. Colt*, for the plaintiff, cited Rev. Sts. *c.* 90, § 33; *Hemmenway* v. *Wheeler*, 14 Pick. 408; *Reed* v. *Howard*, 2 Met. 36; *Arnold* v. *Stevens*, 11 Met. 258; *Denny* v. *Warren*, 16 Mass. 420; *Gordon* v. *Jenney*, 16 Mass. 465; *Miller* v. *Baker*, 1 Met. 31, *Woodbury* v. *Long*, 8 Pick. 545; *Gibbs* v. *Chase*, 10 Mass. 125; *Wintringham* v. *Lafoy*, 7 Cow. 735; *Phillips* v. *Hall*, 8 Wend. 610.

MERRICK, J. The ruling of the presiding judge, that the attachment made by Pease constituted, under the circumstances disclosed upon the trial, a conversion of the property attached by him, was erroneous. The rights of the plaintiff were in no degree nor in any manner affected by it. The attachment which he had previously made continued, under the provisions of the statute upon that subject, to be in full force, and was in no way disturbed or invalidated by anything done by Pease in the service of the defendants' writ. An attachment of personal property by an officer after it had been attached, and while it still remained in the custody of another, would undoubtedly be an unlawful interference with the rights of the latter, and might afford ground for maintaining an action of trover to recover its value. But that is expressly upon the ground that possession is necessary to constitute or to preserve and continue an attachment. When possession is given up, or the property is abandoned or restored to the debtor, the lien created by the attachment is lost. But in reference to certain kinds of property, like the quantity of glass which was attached in this case, actual custody is not necessary either to constitute or to preserve an attachment. This is regulated by the statute, which substitutes the filing of a copy of the writ, with the officer's return thereon, in the office of the town clerk, and makes it equivalent to actual custody and possession. Rev. Sts. *c.* 90, § 33. Thus the lien created by the service of the writ of Hubbell by the plaintiff was in full force at the time of the attempted attachment of the property by Pease on the writ of the defendants; and the latter had no more tendency to interfere with the rights of the plaintiff in reference to the property attached

than a second attachment of real estate would have to dispossess or disseise a creditor, or an officer who, in his behalf, had seised or made a levy upon it under a prior process.

Nothing having been done by the defendants, or the officer in their employment, except to make a nominal attachment of the glass, and to request a person who acted as agent of the debtors to look after and take care of it, and to tell all persons who should come there that it was attached, and this having no tendency to impair or interfere with the rights of the plaintiff, no wrong was done, no injury inflicted, and, of course, no cause of action was afforded to him.   This principle, in various forms, has been recognized in other courts.  *Fernald* v. *Chase*, 37 Maine, 289.  *Rand* v. *Sargent*, 23 Maine, 326.  *Bailey* v. *Adams*, 14 Wend. 201.   If the directions given by Pease to the persons spoken to by him had any tendency to preserve and keep the property where it was, his action in relation to it was a positive advantage to the plaintiff and those for whom he acted ; for as long as it was kept there it remained, under the lien upon it, security for the debt declared on in the writ by virtue of which it was first attached.

Undoubtedly if the property had been taken away and actually made use of, or had been carried or transported beyond the limits of the authority of the plaintiff in his official capacity, either by the defendants or by the officer who made the attachment for them, or by any person or persons employed by them to take care or charge of it, such proceedings would have constituted a conversion of the property, and an action of trover might thereupon have been maintained to recover its value.   This may be inquired into upon a future trial.   It is now only determined that the mere attachment made by Pease, considered in connection with the fact that he did not touch or remove the property, or do anything to it, did not constitute an unlawful or any conversion of it.                    *Exceptions sustained.**

---

* See *Polley* v. *Lenox Iron Works*, 2 Allen, 182, and 4 Allen, 329.