By the Court.—Monell, J.
The questions in dispute in this case were given to the jury upon very conflicting evidence, and I can see no reason for disturbing their verdict.
The alleged agreement that the defendant should receive and did receive the three notes of the plaintiff, and his own note held by the plaintiff as payment, has been found by the jury, and as, found was sufficient to operate as a discharge of the defendant’s lien upon the carriage. A mechanic may waive a lien for work done by any special agreement giving credit (Baily v. Adams, 14 Wend. 201), or by taking security (Cowell v. Simpson, 16 Ves. 275).
Taking, therefore, the finding of the jury as to the agreement as settling the facts, the lien of the defendant had ceased when the demand was made for the carriage, unless, as was claimed by the appellant, the note of the defendant was invalid for want of consideration. It was ' given for the price of a phaeton which had been sold by the plaintiff to the defendant, but which the defendant claimed had not been delivered to him, delivery having been refused until certain charges for storage had been paid.
*547 The evidence in respect to the refusal to deliver was conflicting, and although the learned judge does not appear to have submitted that as a distinctive question to the jury, it was nevertheless in the case, and it must be presumed was passed upon by the jury. And as the verdict was a general verdict for the plaintiff, it must be presumed that the jury found there had not been any refusal by the plaintiff to deliver the phaeton. There was no exception to the charge, or any request made to submit any specific question of fact to the jury, and every intendment must be in favor of the correctness of their verdict.
But the refusal to deliver the carriage, even if it had been so found, would not have been such a failure of consideration as would have invalidated the note after it came back to the defendant. It had when given operated as a payment for the phaeton, and the defendant could at any time afterwards have recovered the possession of the vehicle. It was at most a mere failure to receive the benefit of the sale, and not a failure of the consideration for the sale.
I think the judgment and order should be affirmed, With costs.