(23 Misc. Rep. 112.)

## FLICKER v. GRANER et al.

(Supreme Court, Appellate Term.    March 28, 1898.)

1. DIRECTING VERDICT—WAIVER OF TRIAL BY JURY.

The fact that each party to an action requests the court to direct a verdict in his favor, one of which requests is granted, does not preclude the party whose request is denied from thereupon moving to have the case submitted to the jury; and, if there is any evidence competent to submit to the jury upon any disputed question of fact, the denial of the motion constitutes error, but it is otherwise where the only question is one of law.

2. CONTRACTS—CONSTRUCTION.

When the terms and language of a contract are ascertained, in the absence of technical phrases, or of terms the meaning of which is obscure, or of latent ambiguities rendering the subject-matter of the contract uncertain and doubtful, the office of interpreting its meaning belongs to the court.

3. CONTRACT OF HIRING.

Defendants contracted with plaintiff to employ him for one year as a cloak operator on piece work, at the same prices as paid to all the operators working on their premises for complete finished garments, paying to him, on account of the work completed, weekly, $20; any excess above that sum to be retained by defendants till the end of the year. At the end of the seventeenth week, plaintiff had earned $181.70 in excess of the weekly payment, but at the end of the entire year the total weekly payments exceeded what he had earned in all during the year. *Held*, that the year's earnings and payments were to be considered as a whole, and that plaintiff was not entitled to recover the $181.70.

Appeal from city court of New York, general term.

Action by Max Flicker against Louis Graner and others. From a judgment (48 N. Y. Supp. 1104) affirming a judgment of the trial term, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. H. Berrick, for appellant.

Wahle & Stone, for respondents.

GILDERSLEEVE, J. The defendants are cloak manufacturers, and in the month of September, 1894, they entered into a written agreement or contract with the plaintiff, by which they agreed to employ plaintiff in their business as a cloak operator on piece work, at the same prices as paid to all the operators working on their premises for complete finished garments (the plaintiff, however, was to employ and to pay a competent finisher out of his own earnings); and such employé was to continue for the term of one year, from September 29, 1894, to September 29, 1895. The defendants agreed to pay to the plaintiff, on account of the work done and completed by him and his finisher, weekly, every Saturday, the sum of $20; and any excess of his earnings above the amount of $20 paid to him weekly was to be retained by the defendants until the agreement expired, and the plaintiff had faithfully carried out the provisions of the agreement. In consideration of the weekly wages, guarantied by the defendants to the plaintiff, the plaintiff agreed to work for the term of one year for the defendants, on their premises, under the conditions aforesaid, in the usual and customary way, and industriously. The undisputed

evidence shows that for 17 weeks the plaintiff earned a total sum of $181.70 above and in excess of his $20 weekly salary, but that, at the end of the year, he had only earned, in all, for the whole year, the sum of $895.80, whereas, he had been paid, as weekly guarantied wages, the sum of $1,040, which was $144.20 in excess of his total earnings for the year. Plaintiff claims that, under the contract, he is entitled to this sum of $181.70, in addition to the $1,040 salary already paid him.

Both sides, at the trial, asked for the direction of a verdict, and the court accordingly ordered a verdict for the defendants; whereupon plaintiff withdrew his request for the direction of a verdict, and asked to have the case submitted to the jury on the questions of fact. It is true that, in a case where both parties request the court to direct a verdict, the court is thereby clothed with the functions of the jury with respect to any question of fact in the case, and, in the absence of a request to go to the jury by the party against whom the verdict is directed, the decision stands in the place of a verdict; yet, in the case at bar, as we have seen, the plaintiff, upon a denial of his motion and the granting of the motion of the defendants, made the request to have the case submitted to the jury. He was not precluded from making this motion by his previous request to have a verdict directed in his favor; and, if there had been any evidence competent to submit to the jury upon any disputed question of fact, the denial of his motion would have been error. See Shultes v. Sickles, 147 N. Y. 705, 41 N. E. 574; Switzer v. Norton, 3 App. Div. 173, 38 N. Y. Supp. 350. But, in the case at bar, there was no question of fact to be submitted to the jury. The only question was one of law as to the construction of the contract. When the terms and language of a contract are ascertained, in the absence of technical phrases, or of terms the meaning of which is obscure, or of latent ambiguities, rendering the subject-matter of the contract uncertain and doubtful, the office of interpreting its meaning belongs to the court. See Brady v. Cassidy, 104 N. Y. 148, 10 N. E. 131. We are of opinion that the learned trial court committed no error in refusing to submit the case to the jury.

We also concur in his construction of the contract. The contract was for a year. There is no claim made that plaintiff did not get his share of the work, or that there was any discrimination against him in that respect, or that he and his finisher did not get the same prices, for the piece work done by them, as that paid to all the operators working on defendants' premises, as provided for in the contract. At the expiration of the contract it is found that he has been paid $144.20 more than he has earned. The contract clearly indicates that plaintiff was to be guarantied $20 a week, and that if, at the end of the term,— i. e. in one year,—he had earned more than his guarantied salary, he was to receive that sum in addition to such salary. The contract specially provides that the defendants "shall retain any excess of his earnings until the end of the contract"; i. e. at the end of the year. As we have seen, at the end of the year plaintiff was found not to have any excess of earnings, but, on the contrary, to be $144.20 behind.

We think the court made no error in directing a verdict for the defendants, and it therefore follows that the judgment appealed from must be affirmed, with costs. All concur.