(26 Misc. Rep. 776.)

## GORMAN v. WILLIAMS et al.

(Supreme Court, Appellate Term. March 24, 1899.)

1. LIVERY STABLE KEEPERS—LIEN—WAIVER.
    A livery stable keeper abandons his lien where he knowingly surrenders the property to a transferee of the debtor.

2. SAME.
    Where a livery stable keeper accepts the note of a third person for the amount due him, he waives his lien.

3. TRIAL—DIRECTION OF VERDICT.
    Though there be no conflict in the evidence, yet the case is for the jury, where all the witnesses are interested.

4. SAME—WITHDRAWAL OF MOTION.
    A party may withdraw his motion for the direction of a verdict, where the court has not acted upon it.

Appeal from municipal court, borough of Manhattan, Third district.

Action by George W. Gorman against Augustine F. Williams and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James S. Lawson, for appellant.

Bernard J. Isecke, for respondents.

LEVENTRITT, J. The plaintiff was the owner of a certain horse, wagon, and harness, and brought this action to recover their possession from the defendants, livery stable keepers and warehousemen, who, asserting a lien for board and storage, detained the chattels. Upon the trial the main issue was whether any lien in fact existed. The plaintiff acquired the property by exchange, and the defendants claimed to hold it under two distinct liens,—one arising out of the indebtedness of the former owner, and existing at the time of the exchange, and the other out of the subsequent indebtedness of the plaintiff.

As to the prior lien, the plaintiff claimed abandonment, and presented proof that he was ignorant of the lien, and that the defendants, with knowledge of the exchange, not only interposed no objection to the plaintiff's continued use of the replevied chattels, but personally placed them in his possession. If such was the fact, the lien was discharged. McFarland v. Wheeler, 26 Wend. 467; Bigelow v. Heaton, 4 Denio, 496; Railroad Co. v. Sage, 35 Hun, 95. The defendants contradicted the plaintiff, and insisted that they never parted with possession, or did any act inconsistent with their statutory right. If their version was true, the lien was not discharged. There was, thus, a decided conflict on a question of fact.

Similarly with the subsequent lien, as to which the plaintiff claimed a waiver, by virtue of the acceptance on the part of the defendants of the personal credit of a third party in the form of a promissory note. If such was the fact, the lien was waived. Bailey v. Adams, 14 Wend. 201. The defendant met this contention with the claim that the promissory note was given for an entirely different con-

sideration. In that event there was no waiver. There was, thus, again, a decided conflict on a question of fact, which, together with the former one, the plaintiff was entitled to have submitted to the jury, who would have been compelled, if they accepted the two versions of the plaintiff, to find in his favor.

It was, thus, error for the justice to direct a verdict in favor of the defendants. Even had there been no such conflict, and the evidence supporting the defense uncontradicted, nevertheless, all the witnesses having been interested, their credibility, and consequently the truth of their story, were necessarily for the jury. Kavanagh v. Wilson, 70 N. Y. 177; Elwood v. Telegraph Co., 45 N. Y. 549.

At the close of the case both parties moved for the direction of a verdict, but the plaintiff forthwith, and before the court had acted, withdrew his motion, and asked a submission of the issues to the jury. The justice, however, directed a verdict for the defendants, stating: "I find that the defendants had a lien upon the horse and chattels in question, and that they have never waived that lien,"—thus substituting his finding on a question of fact for that of the jury. The plaintiff, having the right to withdraw his motion for a direction (Koehler v. Adler, 78 N. Y. 290; Flicker v. Graner, 23 Misc. Rep. 112, 50 N. Y. Supp. 769), should have been allowed to go to the jury.

Although it might fairly be argued that there are other questions of fact involved, it becomes unnecessary to consider them, as there must be a new trial. No question was raised by either side as to the noncompliance on the part of the defendants with the requirements of chapter 91 of the Laws of 1892 with respect to the notice of lien. As the provisions of that act may affect the rights of the parties on the retrial of this action, the attention of court and counsel is directed thereto. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.