THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant, *v.* MATTHEW H. MOORE, TIMOTHY DONOVAN and THOMAS McMANUS, Respondents.

*Notice to terminate a city contract — may be served by leaving it at the contractor's house.*

In an action, brought upon a bond of the defendant Moore, upon which the defendants Donavan and McManus were sureties, for the faithful performance of a contract for the construction of a sewer in the city of New York, it appeared that the contract contained a provision that if the contractor should abandon the work, or if at any time the commissioner of public works should be of the opinion, and should so certify in writing, that the work, or any part thereof, was unnecessarily delayed, or that the contractor was willfully violating any of the conditions or covenants of his contract, or executing the same in bad faith, the commissioner should have the power "to notify the aforesaid contractor to discontinue all work, or any part thereof, under this contract, and thereupon the said contractor" should discontinue the work and the said commissioner should have the power to complete the work and charge the cost of the completion against moneys due, or thereafter to become due, to the said contractor.

Upon the trial evidence was offered by the plaintiff which tended to prove that a written notice of forfeiture of the contract had been left at the house of the defendant Moore with a woman of mature age, who answered the bell when the person having the notice to serve went to his house for that purpose.

Upon an appeal from a judgment, entered upon an order dismissing the complaint upon the ground that the plaintiff had not proved notice to the contractor to discontinue the work:

*Held,* that the judgment should be reversed.

That as it had been held, in the case of *McCoy* v. *Mayor* (46 Hun, 269), that the service of a notice by mailing the same in a post-paid envelope raised a presumption of service sufficient to present a question of fact upon which to go to the jury, the evidence in this case showed that all that could have been done, had the letter been deposited in the post-office, had been done, and that, therefore, the evidence of the service of the notice was as sufficient as if the same had been deposited in the post-office.

APPEAL from a judgment, rendered in favor of the defendants upon a trial at the New York Circuit, dismissing the complaint as to all the defendants, which was entered in the office of the clerk of the city and county of New York on April 19, 1888.

*D. J. Dean*, for the appellant.

*L. Laflin Kellogg*, for the respondents.

VAN BRUNT, P. J.:

This action was brought upon a bond conditioned for the faithful performance of a contract for the construction of a sewer in the city of New York. The defendant Moore, the contractor, is the principal of the bond and the defendants Donovan and McManus are the sureties.

The contract, for the faithful performance of which the bond was given, contained the following provisions : " The said party of the second part (meaning the contractor) further agrees that if the work under this agreement shall be abandoned, or if at any time the said commissioner shall be of the opinion, and shall so certify, in writing, that the said work, or any part thereof, is unnecessarily delayed, or that said contractor is willfully violating any of the conditions or covenants of this contract, or executing the same in bad faith, he shall have the power to notify the aforesaid contractor to discontinue all work, or any part thereof, under this contract, and thereupon the said contractor shall discontinue said work, or such part thereof, and the said commissioner shall have the power to complete the contract and charge the expense of the completion against such moneys as may be then due or may at any time thereafter grow due to the said contractor under and by virtue of this agreement, or any part thereof. And in case such expense shall exceed the sum which would have been payable under this contract if the same had been completed by said contractor, he shall pay the amount of such excess to the parties of the first part on notice from the said commissioner of the excess so due. "

Upon the trial the complaint was dismissed upon the ground that the plaintiff had not proved notice to the contractor to discontinue the work. The evidence which the plaintiff offered on this point tended to prove that a written notice had been left at the house of the defendant Moore with a woman of mature age, who answered the bell, when the person having the notice to serve went to the house of Moore, the contractor, for that purpose.

The service of this notice seems to have been entirely ample under the case of *McCoy* v. *The Mayor* (46 Hun, 269). In that case it

was held that the service of a notice by mailing the same in a post-paid envelope raised a presumption of service sufficient to raise a question of fact upon which to go to the jury.   This presumption was based upon the principle settled in many well adjudicated cases, resting upon the fact that the postal service is a governmental agency adopted by the goverment and the people as a means of communication, and, therefore, a means of communication known to all; and, as the government is supposed to do its duty, it is presumed that a letter placed in the mail is properly sent and properly left at the place to which it was directed.   The case at bar is sought to be distinguished from the one cited by the fact that the plaintiff has proved more than he would have been required to prove had the notice been served by mail.   He has not limited his proof by evidence that a letter has been deposited in a mail box and then rested upon the presumption that the government officials have done their duty, but he has shown that the notice had been delivered to a person in the house occupied by the defendant, and that all has been done that could have been done had the letter been deposited in the post-office, and proof given that the government had done its duty instead of relying upon the presumption.   Under these circumstances, therefore, the evidence of the service of the notice was clearly sufficient if a deposit in a post-office was sufficient; and it is a somewhat significant fact that, although the defendant was put upon the stand, yet he was not asked by his counsel whether he had received the notice or not.   It was urged upon the argument that this is a circumstance to be taken as against the plaintiff.   The plaintiff was not bound to ask this question and make the defendant its witness upon this point, giving him credit which he would not otherwise receive.

Objection upon this appeal has been taken to the sufficiency of the notice.   There may be some question in that regard; but this question of the sufficiency of the notice does not seem to have been taken upon the trial below, and it is possible that had such an objection been taken, the service of the previous notice would also have been proved upon the part of the plaintiff.   The sole question upon which the case seems to have been determined was that the proof of the service of the notice of the forfeiture of the contract was insufficient, no question being raised as to the form of the notice itself.   In this we think the learned court below erred, and for that reason the

judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with · costs to appellant to abide the event.