W. MARTIN JONES, Respondent, *v.* ROCHESTER GAS AND ELECTRIC COMPANY, Appellant.   No. 2.

*Gas companies — successive penalties may be recovered for a refusal to furnish gas — recovery for one building not a bar to a recovery for another — previous consent to the removal of the meter.*

Under section 65 of chapter 566 of the Laws of 1890, providing that if, on an application of the owner or occupant of a building, a gas or electric light "corporation shall refuse or neglect to supply gas or electric light as required, such corporation shall forfeit and pay to the applicant the sum of ten dollars, and the further sum of five dollars for every day thereafter during which such refusal or neglect shall continue," an owner or occupant is not limited in his recovery to a single penalty, but may recover ten dollars for the first day of the refusal, and five dollars for each day of its continuance thereafter.

Nor does the fact that the same owner has brought an action to recover penalties against the company for its refusal to furnish light to one building bar a second action for the recovery of penalties for its refusal to furnish light to another building, although the refusal of the company in each case arose out of the refusal of the owner to pay the same bill.

Nor does the fact that the plaintiff, in the earlier stage of the dispute, consented to the removal of the gas meters in question, estop him from making, at a subsequent time, a demand, under the statute, for a return of the supply of gas.

APPEAL by the defendant, the Rochester Gas and Electric Company, from an order of the Supreme Court, made at the Monroe Circuit and entered in the office of the clerk of the county of Monroe on the 20th day of November, 1895, denying the defendant's motion for a new trial made upon the minutes.

The action was commenced on the 17th day of December, 1894. Plaintiff's complaint alleges that he is the occupant of a dwelling house situate on South Union street in the city of Rochester, numbered 87, and that he has been such occupant for five years, and that the house is properly plumbed and supplied with gas pipes and fixtures for the lighting of the same with illuminating gas; that the defendant is a domestic gas and electric light corporation duly organized under the laws of the State of New York; that it has and owns a gas main along South Union street in said city, and within 100 feet of said dwelling house and premises so occupied by the plaintiff; that on the 23d of June, 1894, the plaintiff made application in writing to the defendant to supply gas to the plaintiff for the pur-

pose of lighting said dwelling house, said dwelling house already being connected with the company's mains belonging to said defendant along said street, and the only thing necessary to make said connection, so as to supply said gas for illuminating said premises, being to place therein a meter, as theretofore had been done by said defendant; that notwithstanding plaintiff demanded by written application that the defendant furnish to the plaintiff gas for illuminating purposes, the defendant refused and neglected to supply said gas. And the complaint alleges that at the time of making said application the plaintiff was entirely free from all obligations to said defendant, and was owing it no sum of money whatever, and at the time of making such application offered to comply with any requirements of said company under the statutes of the State; and that the defendant refused and neglected to furnish and supply gas to the plaintiff's house as requested; and that the defendant became liable to pay to the plaintiff on the 4th day of July, 1894, a penalty and forfeit of ten dollars, and a further sum of five dollars for each and every day since the said fourth day of July, to wit, 166 days.

Defendant, in its answer, admitted that the plaintiff lives in the dwelling house No. 87 South Union street, and " that said dwelling house is properly plumbed and supplied with gas pipes and fixtures for the lighting of the same by illuminating gas ; " that the defendant is a corporation organized and doing business in the city of Rochester as a gas and electric company, as alleged in the complaint; that it owns the gas main running through South Union street in the said city, and within 100 feet of the said dwelling house and premises, and that it has an office for the transaction of business in the city of Rochester; and that, on the 23d day of June, 1894, gas pipes were so laid that gas could be supplied to the said house by placing a gas meter therein and making the necessary connections.

The answer, for a separate defense, alleged : " That there is another action pending between the plaintiff and the defendant herein for the same cause of action, and that the plaintiff heretofore, and on or about the 30th day of October, 1894, commenced an action in the Municipal Court in the city of Rochester, against this defendant, to recover penalties for failure to supply him with illuminating gas, pursuant to his alleged written demand therefor, said to have been made on the 22d day of June, 1894, in which action judgment is

demanded for the sum of ten dollars forfeit, and the further sum of five dollars for each and every day for and during the period of 132 days to the date of the said complaint, which was verified on October 25th, 1894." The premises referred to in the answer were the offices of the plaintiff in the Granite Building on Main and St. Paul streets, Rochester.

This action was tried at the Circuit in November, 1895, and the jury found a verdict for the plaintiff of $840. Defendant made a motion upon the minutes for a new trial, on the ground that the verdict was contrary to the evidence and contrary to the law, and on the exceptions taken on the said trial. The motion was denied, and the defendant appeals from that order. Plaintiff went to the defendant's office " to pay personally, because the six hundred feet of gas, over and above the fifteen hundred feet that they claimed I had used, was charged to me (him)." He spoke to McSweeney about it, and he said that he would investigate it, and the plaintiff left the bill with him and paid the rest of the bill. Subsequent to the payment of the defendant's bill, the plaintiff received from the defendant the following communication :

" OFFICE OF ROCHESTER GAS & ELECTRIC Co.,          }
          " 62 MUMFORD STREET.   GAS DEPARTMENT. }
                    " ROCHESTER, N. Y., *May* 12, 1894.
" W. MARTIN JONES, Esq., 87 S. Union St. :

" DEAR SIR.— Respecting your claim for allowance on gas bill, for gas claimed to have escaped through negligence of employes of this company, permit me to say I have investigated said claim, with the result that I can find nothing to warrant us believing our employes at fault. This being the case, the gas bill, as presented, must stand.

                    " Very respectfully,
                              " J. P. F. MacSWEENEY,
                                        " for company."

Thereafter the plaintiff refused to pay for the 600 feet of gas that was the subject of dispute, and the defendant removed its gas meter from plaintiff's house. On the 23d of June, 1894, the plaintiff caused to be served upon the defendant, by a delivery of a copy to McSweeney, at the gas office in Mumford street, a written notice, which contained the following language :

"I do hereby make application to you to have you supply my house, where I reside with my family, number 87 South Union Street, in the City of Rochester, N. Y., with gas for lighting purposes, as heretofore supplied, by the return of the meter to said house, the same as therein placed on and before the first day of June, 1894, and that I am prepared, and do hereby offer, to comply with any requirements of your Company under the statutes of the State."

That notice was dated June 23, 1894, and was signed by the plaintiff. The defendant maintained its determination to have pay for the 600 feet of gas, and on the twenty-sixth of June sent to the plaintiff the following communication:

"ROCHESTER, N. Y., *June* 26, 1894.
"W. MARTIN JONES, Esq., City:

"DEAR SIR.— Replying to your favors of 21st, 22d, 23d inst., by direction of our Attorney, we beg to enclose you bill for amount now due this company, and to say that the meters will be set at places mentioned in your favors, as soon as within bill is paid."

Accompanying that communication was a bill made out by the defendant against the plaintiff for eighty-four cents for the 600 feet of gas which was the subject of dispute.

*Albert H. Harris*, for the appellant.

*W. Martin Jones*, in person, respondent.

HARDIN, P. J.:

Numerous questions are presented in this case similar to those which have been discussed and passed upon in the action which arose in the Municipal Court and was tried in the County Court and brought before us at this term, and it is not seemly that those questions should again be discussed.

The trial judge, in his charge to the jury, said: "There is only one disputed question of fact here for you to decide, and that is a very simple one, and that is whether or not the six hundred feet of gas which flowed through the fuel meter from the 22d of April, from the time the range was put in, until the time the gas was turned off by Jones on the 23d of April, was caused to flow through the meter by reason of the carelessness of the employees of defendant."

After commenting quite extensively upon the evidence, the judge further said: "Upon the subject of whether it was their duty to put the meters in, the question is whether or not this eighty-four cents was due. That depends upon whether the amount of gas that escaped through there was, as stated by Mr. Jones, permitted to escape because of the carelessness of these people between the Friday when they put in the gas range and the time the gas was turned off at the meter by Mr. Jones." And again the trial judge observed: "A good deal of this testimony is entirely undisputed, a very large portion of it, but it will be for you to say whether, upon this testimony, the plaintiff has satisfied you by a fair preponderance of the evidence that this escape of 600 feet of gas was caused by reason of the fact that the men who were sent there on Friday to put in that gas range did not leave that valve in proper condition; either left it open, or leaving it open left it in such shape that it could not be closed by the people there and they had to send to the defendant to have it done. If you come to the conclusion that the plaintiff has satisfied you of that by a fair preponderance of the evidence, then he is entitled to a verdict at your hands for the amount of the penalties. If you come to the conclusion he has failed to establish that fact, then the defendant is entitled to a verdict." A careful inspection of the whole charge leads to the conclusion that the trial judge properly submitted the question in dispute as to the 600 feet of gas to the jury, and that no error is presented by the exceptions taken to refusals of requests made for further instructions, and no error is presented by any exceptions taken to the questions of fact as they were submitted to the jury by the learned trial judge. Nor do we think there were any errors committed in the reception or rejection of evidence which require us to interfere with the verdict of the jury. (See opinion in case No. 1.)

(2) It is contended by the learned counsel for the appellant that the plaintiff is entitled to recover of the defendant "but one penalty, if any, and the complaint in this action should have been dismissed because of the pendency of the Municipal Court action, brought to recover penalties for the same offense." It appears by the evidence that the defendant undertook to determine for itself absolutely the question of the defendant's liability for the 600 feet

of gas which was the subject of discussion between the parties. In doing so it took a position entirely antagonistic to the doctrine laid down in *Sickles* v. *Manhattan Gas Light Company* (64 How. Pr. 33). In that case it was held, viz. : " When a dispute arises between the company and a consumer, the latter is entitled to have his rights investigated by the courts." In the course of the opinion LAW-RENCE, J., says that the statute of 1859 (which contained substantially the provision that is found in section 65 of chapter 566 of the Laws of 1890) has not " made the gas company the sole judge of the question, whether any, and if so, what amount of rent or remuneration is due to it."

In *Meiers* v. *Metropolitan Gas Light Co.* (14 Wkly. Dig. 552) the 6th section of chapter 311 of the Laws of 1859 (which is substantially the same as section 65 of the Laws of 1890, chapter 566) fell under construction, and it was there held that a failure to furnish a continual supply of gas upon a proper application renders the company liable to the applicant in the amount of the penalties imposed. In the course of the opinion delivered by VAN BRUNT, J., it was said : " It was the intention of the Legislature, in view of the privileges enjoyed by the gas companies, to prevent them from arbitrarily harassing or annoying the persons who desired to use the gas by cutting off the supply without reasonable cause, and to give the consumer an adequate and certain remedy in case of a refusal to supply gas upon request. The uncertainty of an action for breach of contract, and the impossibility of proving by any specific evidence the damages sustained, furnish one of the reasons for fixing a penalty. These considerations and a fair interpretation of the statute justify the construction that the refusal to give a continuous supply of gas upon such an application is a breach of the statute and makes the company liable for the penalty." In that case a judgment had been recovered for numerous penalties, and it was sustained by the judgment of that court.

In section 65 of chapter 566 of the Laws of 1890 it is expressly provided that : " Upon the application, in writing, of the owner or occupant of any building or premises within one hundred feet of any main, * * * the corporation shall supply gas or electric light as may be required for lighting such building or premises ; " and that " if, for the space of ten days after such application * * *

the corporation shall refuse or neglect to supply gas or electric light as required, such corporation shall forfeit and pay to the applicant the sum of ten dollars, and the further sum of five dollars for every day thereafter during which *such refusal* or neglect shall continue." Under this language, we are of the opinion that the contention of the defendant, that but one penalty can be recovered, must fail. The statute seems to contemplate a succession of penalties, to wit, ten dollars for the first refusal and " the further sum of five dollars for every day thereafter during which such refusal or neglect shall continue." The purpose of the Legislature in the use of such language is satisfactorily explained in the opinion delivered in *Meiers* v. *Metropolitan Gas Light Co.* (*supra*), from which the quotation has just been made.

Appellant calls our attention to *Sturgis* v. *Spofford* (45 N. Y. 446), and argues that it applies to the case in hand. We think otherwise. The language of the statute in that case was : " 'All persons employing a person to act as pilot, not holding a license under this act, or under the laws of the State of New Jersey, shall foreit and pay to the 'board of commissioners of pilots' the sum of $100.' " The language used in that statute is quite unlike the language in the statute now under consideration. The judge says in respect to that language : " It does not say for each employment, nor for each offense, nor for each ship unlawfully piloted," and, therefore, he reached the conclusion that but one penalty could be recovered under that statute.

In *Fisher* v. *N. Y. C. R. R. Co.* (46 N. Y. 644) a section of the General Railroad Law of 1850 (Chap. 140) fell under construction. That statute was passed to prevent extortion by railroad companies, and to provide that any company that shall receive a greater rate of fare than allowed by law shall forfeit fifty dollars; which sum may be recovered together with the excess so received, and in reaching the conclusion under that section that but one penalty could be recovered, the court laid stress on the absence of the words " for each and every offense " found in various penal statutes, showing clearly that the Legislature did not intend to open a door to a recovery to a succession of penalties.

In *People* v. *M'Fadden* (13 Wend. 396) the statute forbade the cutting and carrying away of trees from the lands of the State,

and provided a penalty " of $25 for each tree cut," and it was held that it was competent to recover in the same action for twenty penalties.

In *Deyo* v. *Rood* (3 Hill, 527) it was held that several distinct penalties might be recovered in the same suit.

In *People* v. *N. Y. C. R. R. Co.* (25 Barb. 199) it was held that under the 39th section of the General Railroad Act of 1850 (Chap. 140), which requires that a bell or steam whistle shall be placed on each locomotive engine, and be rung or sounded at the distance of at least eighty rods from the place where the railroad shall cross any traveled public road or street, and be kept ringing or sounding until the engine shall have crossed such road or street, under a penalty of twenty dollars for every neglect of that provision, a railroad company incurs the penalty as often as it crosses a road with a locomotive engine without giving the required signal. In that case there was a recovery of several penalties of twenty dollars each, and the judgment thus awarding a recovery was affirmed in 13 New York (3 Kern.) 78.

In Missouri an act of the Legislature required a railroad company to maintain depots at crossings, and gave a penalty of " twenty-five dollars for each day's delay after a certain date," and there was a delay of 1,338 days, and the penalty was allowed for each day to be recovered. (*State* v. *Kansas City R. R. Co.*, 32 Fed. Rep. 722.)

The statute before us declares that the refusal or neglect to supply gas by a corporation shall subject it to " forfeit and pay to the applicant the sum of ten dollars, and the further sum of five dollars for every day during which such refusal or neglect shall continue." When the plaintiff applied to have the gas restored to his house and notified the defendant, according to the provision of the statute, the defendant subjected itself to the forfeiture and penalty prescribed by the section, and that was made continuous as long as the " refusal or neglect shall continue," by the exact terms of the statute.

(3) We think there is no force in the suggestion of the appellant that because the plaintiff consented to the removal of the meters during the early stages of the dispute as to the 600 feet of gas,

he had no right at a subsequent time to demand of the defendant a
return of a supply of gas in pursuance of section 65 of the Laws
of 1890, chapter 566.

It seems that the defendant deliberately planted its refusal upon
the ground that it had the right to determine that he should pay for
the 600 feet of gas. The jury have found that the gas was lost
by reason of the carelessness and negligence of the defendant's ser-
vants, and, therefore, there was no indebtedness on the part of the
plaintiff to the defendant. As we have already intimated, the
verdict is in accordance with the evidence offered at the trial and
we think it should be sustained.

Order affirmed, with costs, and judgment directed on the verdict
in favor of the plaintiff, with costs.

All concurred, except ADAMS, J., not sitting.

Order affirmed, with costs, and judgment on the verdict directed
in favor of the plaintiff, with costs.