(24 Misc. Rep. 671.)

ANDREWS v. NORTH RIVER ELECTRIC LIGHT & POWER CO.

(Supreme Court, Appellate Term. October 5, 1898.)

ELECTRIC LIGHT COMPANIES—SUPPLY—DEMAND — SUFFICIENCY.

  Under Gen. Laws, c. 40 (Laws 1890, c. 566), as amended by Laws 1892, c. 617, requiring electric light corporations, under penalty, to supply electric light as may be required for lighting premises within a specified distance of their wires, on written application of the occupant, a notice requiring the furnishing of such current, which does not specify the number of lights and the quantity of power desired, is insufficient, where, on receipt of it, the company wrote requesting a further statement, which the applicant refused to furnish, even though the person who delivered the written notice then informed the company's servants of the quantity and number of lights desired.

Appeal from city court of New York, general term.

Action by Walter E. Andrews against the North River Electric Light & Power Company. A judgment for plaintiff was reversed at the general term of the city court (51 N. Y. Supp. 872), and plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Charles P. Hallock, for appellant.
John R. Halsey, for respondent.

BEEKMAN, P. J. This action was brought to recover certain penalties, pursuant to chapter 40, Gen. Laws (Laws 1890, c. 566), as amended by chapter 617, Laws 1892, for the alleged failure on the part of the defendant to supply electric light and power to the plaintiff upon his requisition therefor. The statute in question provides, among other things, that upon the application in writing of the owner or occupant of any building or premises within 100 feet of the wires of any electric light corporation, and payment by him of all money

due from him to the corporation, such corporation shall supply electric light "as may be required for lighting such building or premises"; and if, for the space of 10 days after such application, and the deposit of a reasonable sum, for the purposes mentioned in the succeeding section of the act, if required, the corporation shall refuse or neglect to supply "electric lights as required," such corporation shall forfeit and pay to the applicant the sum of $10, and the further sum of $5 for every day thereafter during which such refusal or neglect shall continue.   Section 66, chapter 566, Laws 1890, provides that every such corporation may require the applicant to deposit with it a reasonable sum of money, according to the number and size of lights used or required by such person, and the quantity of electric light necessary to supply the same, as security for the payment of the compensation to become due to the corporation for the services it is required to render.   There are other conditions contained in the statute with respect to the subject, which, however, are unnecessary to be considered here.

The plaintiff is the owner of the premises No. 729 Tremont avenue, in the city of New York, occupying for himself, for the purposes of his office, the second floor of said building.   The defendant is an electric corporation, which, when the application hereinafter referred to was made by the plaintiff, had wires laid within 100 feet of such premises. The plaintiff, on the 10th day of June, 1896, served upon the defendant the following notice in writing:

"New York, June 10th, 1896.

"Notice.

"North River Electric Light & Power Co., 140 St. & Rider Ave. Edw. Maher, Jr., Manager—Sir: In compliance with statutory provision I hereby demand that you supply me at my office, 729 Tremont Ave., N. Y. City, with electric light and power at once.              W. E. Andrews."

Immediately upon the receipt of this communication, Mr. Maher, on behalf of the company, addressed a letter to the plaintiff, which was received by him, as follows:

"New York, June 10th, 1896.

"W. Edson Andrews, Esq., 729 Tremont Ave., City—Sir: How much power and how many lights do you want?

"Yours, etc.,              Edward A. Maher, Jr., General Manager. (J.)"

To this no reply was made by the plaintiff.   There was considerable evidence given with respect to alleged communications between the parties before and after the above application in writing was made.   The plaintiff says that subsequently he communicated to the foreman of the company that he wanted two electric lights, and power to work an electric fan.   It does not appear that this person was authorized to receive any communication in the matter on behalf of the company, or that he was sent by the company to the plaintiff for the purpose of ascertaining the extent and nature of his requisition.   Indeed, the evidence of the plaintiff himself seemed to indicate that he was not so sent, but happened to be in the building, engaged in putting in lights for one of the plaintiff's tenants.   It does appear that prior to the 10th day of June a representative of the plaintiff called at the office of the company, and, according to his statement, made some verbal request with respect to furnishing the plaintiff with two

electric lights and a fan. He is, however, unable to identify the person with whom he conversed upon the subject. Following such conversation, however, there was a communication in writing sent by the plaintiff to the defendant that preceded the formal notice relied upon in this action by two days, which is as follows:

"New York, June 8th.
"North River Electric Light Co.—Gentlemen: If I do not hear from you in 48 hours concerning the electric fan that I wish to have in my office, I shall start suit against you.

"Yours,                               W. E. Andrews."

In response to this communication the defendant, by its general manager, Mr. Maher, replied as follows:

"New York, June 9th, 1896.
"W. Edson Andrews, 729 Tremont Ave.—Sir: If you wish to do business with us, you know where our office is.

"Very truly yours,                      Edward A. Maher, Jr."

It was then that the formal application of June 10th was made. This paper was delivered on the day on which it bears date, at the office of the defendant, to some person who seemed to be in charge. The person delivering it, who was in the employment of the plaintiff, says that at the time of delivery he stated to the person receiving it that the plaintiff wished to have two electric lights, and power to run an electric fan, at the place in question, and that the reply was that it would be attended to. Who the person in charge was, and what his relation, if any, to the company may have been, does not appear. Mr. Maher, the general manager, disclaims ever having received any such information. The defendant did not supply the plaintiff with electric light, and the latter instituted this action on the 11th day of July, 1896, to recover the penalties claimed to have been thereby incurred under the statute.

This states in a general way the substantial facts in the case. The case was tried before a jury, and at the close of the plaintiff's case, as well as upon the close of the whole case, the defendant moved to dismiss the complaint on the ground that the written application of June 10th did not sufficiently comply with the statute to justify a recovery of the penalty sued for. The motions were denied, the court holding that the notice was sufficient, and the case was submitted to the jury upon the question as to whether the company had been orally advised, either at the time when the notice was so delivered or afterwards, through some person authorized by it to receive such a notice, of the number of lights required by the plaintiff. The jury found a verdict for the plaintiff, and from the judgment entered thereon, and from an order subsequently made denying a motion for a new trial, an appeal was taken to the general term of the city court, which reversed said judgment and dismissed the complaint. From this determination the present appeal has been taken.

We agree with the general term that, upon the facts of this case, the written application of June 10th was not sufficient to support a cause of action for the recovery of such a penalty. While it is true that the court should not lose sight of the beneficent object which the legislature had in view in enacting the statute, namely, to compel such

companies to render prompt service to the public, and thus fulfill the principal object for which their franchises to carry on such business were granted, still it must be considered that the provision of the statute upon which this action is founded is penal in its character, and must therefore receive a strict construction. With respect to this very law, it has been held, construing the section in question, that "it is well to remember that penal statutes are to be strictly construed, and that in an action to recover a penalty the plaintiff always has the burden of making a plain case within the provisions of the statute." Jones v. Electric Co., 7 App. Div. 465, 470, 39 N. Y. Supp. 1105, 1110. It certainly is not imposing an unreasonable burden upon a person seeking to hold such a company to its legal obligation to require him to specify with reasonable exactness what the service is that he requires. The statute was not enacted for the purpose of enabling him to enforce penalties. Its object was to prevent such corporations from unreasonably refusing or delaying such service as might be legally required of them. It is plain, therefore, that the intention of the statute was that the written application, the presentation of which conditioned the obligation of the company to furnish the owner or occupant of property with electric lighting, should specify the nature and extent of the plaintiff's demand; and, while it does not undertake to particularize the form which should be used, the notice must be at least specific enough to apprise the company of exactly what it is expected to do. Certainly, any other construction would be unreasonable. It will be observed that the statute provides that "upon the application in writing of the owner  *  *  *  the corporation shall supply  *  *  *  electric light as may be required for lighting such building or premises, and if for the space of ten days after such application  *  *  *  the corporation shall neglect or refuse to supply  *  *  *  electric light as required, such corporation shall forfeit and pay to the applicant," etc. The only reasonable construction which can be put upon the words "as required" and "as may be required" is to refer them to the written application. The very object of requiring a written application was to compel a specification by the owner or occupant of what he required, in order that the company might be apprised, in a form which would not admit of dispute, of the particular duty it was called upon to perform. The written application, then, is to be treated and regarded under the statute as a requisition, and that which the company is required to do, under the penalty prescribed for a failure to perform, is what the written application demands that it shall do. Of course, this does not mean that the applicant is to frame a technical specification. The requirements of the statute are sufficiently complied with by a statement, however informal, which clearly advises the defendant of the applicant's demands. Had the plaintiff in this action specified that he desired two electric lights and an electric fan in his office, that would have been a reasonable compliance with the statute; and, in the absence of evidence tending to show that further details which the plaintiff could supply were necessary or desirable in order to enable the defendant honestly to perform the services required of it, a notice in that form would have been sufficient to support such an action as

this. This, however, was not done. A requisition to supply light and power, without specifying anything further, was altogether too vague and indefinite to put the defendant in default, especially in view of the fact that, upon the very day on which it was received, the defendant advised the plaintiff by letter that it required to know how much power and how many lights he wanted. This certainly was a reasonable request. It immediately called the attention of the plaintiff to the defects of his notice, and should have been answered by him. Even assuming, as the plaintiff's messenger testified, that, when the written application of June 10th was delivered at the defendant's office, it was accompanied by an oral statement that the plaintiff desired two lights and an electric fan, this was not sufficient to justify the plaintiff in ignoring the written request for details which was made by the company on the same day. Under the circumstances, the letter called for a plain answer, and the plaintiff cannot avoid the consequences of his failure to make any reply by claiming that the information desired had been orally communicated under the circumstances and conditions above mentioned.

The counsel for the appellant contends that the written application in question does not differ substantially from that which was upheld in the case of Jones v. Electric Co., 7 App. Div. 465, 39 N. Y. Supp. 1105. That case was an action for the recovery of a penalty under the same statute, which, it may be said, applies to gas companies as well as to electric companies. There the plaintiff made written application to the company to "supply my offices, Nos. 706–708, Granite Building, with gas for lighting said offices as heretofore supplied, by the return of the meters to the said offices as the same were therein placed on the first of the present month, and that I am prepared, and hereby offer, to comply with any requirements of your company under the statutes of the state." It appeared that the building in question was properly supplied with gas pipes and fixtures, and that all that was required to be done was to replace the meters, which are specifically referred to in the notice, and to turn on the gas. The company was apprised of the conditions that existed in the building, and knew that this was all that was necessary. With respect to the form of this application, the court says (page 470, 7 App. Div., and page 1108, 39 N. Y. Supp.):

"It seems to have been understood by the defendant as a suitable application, as on the 26th of that month its superintendent addressed a communication to the plaintiff in which he recognized the essence of the demand, and in referring to it offered to comply with it on conditions therein mentioned as to alleged indebtedness for the 600 feet of gas alleged to have been used by the plaintiff. Under such circumstances it was proper, upon all the evidence, that the trial judge should hold that the notice was sufficient in form to call upon the defendant to comply with that part of the statute which declares it to be its duty, upon receiving a written application from the owner or occupant, to supply gas. Whatever doubt might have arisen from a critical and technical construction of the language used in the notice seems to have been remedied by the construction placed upon it by the defendant's answer; and therefore the trial judge was warranted in holding, as he did, that the application was 'such a literal compliance with the statute as to set it running against the defendant.'"

The difference between the two cases, it will be noticed, is a radical one. In the case cited, the requirements of the application were exactly measured by conditions therein referred to, which were known to the defendant, and the court expressly states and lays stress upon the fact that the nature and essence of the demand were known to the defendant,—that its responsible representative understood and was satisfied with it. But in the case at bar quite the reverse appears. Almost simultaneously with the delivery of the written application the defendant advised the plaintiff of its defects and insufficiency, and demanded further particulars. In the case before us we have not only great vagueness and generality in the application, but also an immediate objection to it on that ground, while in the case cited the notice was reasonably precise, and its sufficiency in that regard was assented to by the company. Neither the case cited nor the reasoning upon which the court bases its conclusions is in any way antagonistic to the construction which we have put upon the statute. On the contrary, it inferentially supports it.

We have not considered it necessary to discuss the effect upon the application which was made in this case of including within it a demand for electrical power. Such a demand is not within the statute, which is confined solely to requisitions for electric lighting. If the demand which was made in this case was intended to be single and entire, so that the plaintiff would not have been willing to take electric lighting without the electric power which he also demanded, it is obvious that no penalty would have been incurred by reason of the failure or refusal of the defendant to supply all that was demanded. But it is unnecessary to discuss this aspect of the case, in view of the fact that it was not discussed below, and the defendant made no objection to supplying both. As we are of the opinion that the general term of the city court was clearly right in the disposition which it made of the case, it follows that the judgment appealed from must be affirmed.

Judgment affirmed, with costs. All concur.