(54 App. Div. 74.)

BENNETT v. EASTCHESTER GASLIGHT CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

1. GAS—DUTY TO SUPPLY—PAYMENT OF ARREARS—PENALTY—ACTION.

Transportation Corporation Law, c. 566, § 65, provides that, if a gaslight company shall refuse to supply an applicant with gas for the space of 10 days after an application therefor, such corporation shall forfeit to the applicant $10, and $5 for every day thereafter during which such neglect shall continue, notwithstanding there may be compensation in arrears for gas furnished to a former occupant. In an action for the penalty, plaintiff testified that he made application for gas at his office, but defendant demanded as a condition that plaintiff deposit $5, and pay a disputed bill of a prior occupant; that plaintiff tendered the $5, but refused to pay the bill. Defendant's witnesses testified that nothing was said and no demand made concerning the payment of the bill. *Held* sufficient to sustain a verdict that payment of the disputed bill was exacted by defendant.

**2.** SAME—APPLICATION—SUFFICIENCY.

Where defendant had previously supplied gas to the office occupied by plaintiff, and knew the nature of service required, an application by plaintiff requiring defendant to furnish him "with gas for lighting said office as heretofore supplied, by a return of the meter to said office as the same was placed on the 1st of the present month," was sufficient, under Transportation Corporation Law, c. 566, § 65, subjecting gas companies to a penalty for refusal to supply gas after application therefor.

**3.** SAME—FINDING OF JURY—APPEAL AND ERROR.

Where, in an action against defendant company for refusal to supply plaintiff with gas, defendant insisted on having submitted to the jury a question which was improper, it could not subsequently complain of the finding of the jury thereon.

Appeal from trial term, Westchester county.

Action by Frank A. Bennett against Eastchester Gaslight Company to recover the statutory penalty for failure to supply plaintiff's office with gas. From a judgment of the supreme court in favor of plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John M. Bowers (W. H. Van Benschotem, on the brief), for appellant.

Roger M. Sherman, for respondent.

HIRSCHBERG, J.    The action is brought against a gas company to recover the penalty imposed by section 65 of the transportation corporation law (chapter 566, Laws 1890) for a failure to supply the plaintiff with gas at his office, room No. 2, in the Post Office Building, at Mt. Vernon, N. Y.    The plaintiff's occupancy of the office began about January 31, 1897.    On the 5th day of February he attempted to light the gas, and discovered that there was no flow.    It appeared on the trial that the meter had been removed a few days previously by the defendant at the request of the prior occupant of the office. On the 6th day of February the plaintiff called at the office of the defendant, and applied to the manager to have the meter restored to the office, and to have gas supplied for his use.    Subsequently, on the same day, he served on the defendant a written application to the same effect.    There is no dispute that the defendant failed and refused to restore the meter and to supply the gas, but there is a serious dispute as to the reasons assigned for such failure and refusal at the time the plaintiff made his application.    It appears that the defendant had a disputed claim against the plaintiff for a small sum for gas alleged to have been supplied to the plaintiff at his residence some years before.    The plaintiff testified that, when he asked for gas to be furnished at his office, the manager demanded as precedent conditions that he deposit the sum of $5, and also that he pay this disputed bill.    He further testified that he then tendered the $5, but refused to pay the bill.    The defendant's witnesses testified, on the other hand, that the only condition named was the deposit of $5, which the plaintiff neither tendered nor offered to pay, and that no demand was made for payment of the disputed bill.    The learned trial justice submitted to the jury the issue of fact thus raised, in-

structing them that, if the refusal to furnish gas was based upon the failure to pay the former bill and the plaintiff owed the bill, the defendant was legally justified in its refusal. The verdict of the jury must be assumed to involve a decision of this controversy in favor of the plaintiff. The evidence was sufficient to warrant the jury in concluding that the defendant had no rightful claim against the plaintiff for gas furnished at the latter's residence, and there was also sufficient evidence to warrant the conclusion that the payment of this demand was exacted by the defendant as a condition of supplying gas to the plaintiff's office.

The defendant contends, however, that the written application served by the plaintiff was insufficient. It is couched in almost the identical language as the one under consideration in Jones v. Electric Co., 7 App. Div. 465, 469, 39 N. Y. Supp. 1105, and which was there held to comply with the statute. It is true that in that case the applicant was the individual from whom the meter had previously been taken away, while in this case the applicant was a succeeding tenant, but the difference is immaterial. The defendant had a few days before supplied gas to the office occupied by the plaintiff, and therefore knew the nature and extent of the service, and the plaintiff's application in terms required that he be supplied "with gas for lighting said offices as heretofore supplied, by the return of the meter to said offices as the same was placed on the first of the present month." It thus appears that what the plaintiff desired was that the defendant should light his offices as they were lighted during the occupancy of his predecessor, and written notice of this desire was communicated to the defendant with reasonable precision and exactness. The defendant did not claim to be in doubt as to the extent of the service required, as was the case in Andrews v. Power Co., 23 Misc. Rep. 512, 51 N. Y. Supp. 872. No form of application is prescribed by the statute, and therefore one which fairly and plainly states the service required without ambiguity and with reasonable certainty should be deemed sufficient.

The defendant offered evidence designed to show that the demand for a deposit of $5 was reasonable, within the meaning of section 66 of the transportation corporations law (chapter 566, Laws 1890), and various errors are assigned in the ruling of the learned trial justice relating to such evidence. As the plaintiff had testified that he tendered the deposit, he was hardly in position to raise the question upon the trial that the demand so acceded to was unreasonable, and on a previous appeal this court had held that the burden of proof was on the plaintiff. Bennett v. Gaslight Co., 40 App. Div. 169, 57 N. Y. Supp. 847. We find no errors in the ruling of the court upon the evidence in question. Indeed, the court endeavored to eliminate from the case the question of the reasonableness of the demand for a deposit, saying: "The question of reasonableness is not in this case. I rule this testimony out. The plaintiff's testimony is that the refusal was not put on that ground at all. The refusal was put on the ground that he would not pay the bill for the residence he formerly occupied." To this the defendant's counsel, Mr. Swits, responded, "The defendant excepts to the ruling of the court;" whereupon the

court said: "The ruling is in your favor. If you do not want it, I will submit it to the jury. I will submit the question to the jury, if the defendant asks me to." The court did accordingly submit to the jury the question of the reasonableness of the demand for a $5 deposit, without objection or exception on the part of the defendant. But as the jury were told in that connection that the plaintiff had accepted the amount as reasonable, that in the view of the court it was his duty to offer and tender the amount so exacted, and that if they found that the plaintiff had failed or neglected to make a tender of this deposit he could not recover, it is difficult to see how the defendant has been prejudiced. If, however, the defendant has been prejudiced,—that is to say, if the verdict may have been based on the theory that there was no demand for the payment of the old bill, but only for a deposit of $5, which, in the view of the jury, was an unreasonable sum under the circumstances,—the fact remains that it is not the province of an appellate tribunal to relieve a litigant from the consequences of a situation which it deliberately invited in opposition to a favorable ruling of the trial court. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.