### MOFFAT v. NEW YORK EDISON CO.

(Supreme Court, Appellate Term.    May 7, 1909.)

ELECTRICITY (§ 11*)—SUPPLY TO CONSUMER.

Under Transportation Corporations Law (Laws 1890, p. 1148, c. 566) § 65, imposing a penalty on an electric lighting corporation failing for 10 days after application by an owner or occupant of a building to furnish

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

electricity, an application reading, "I desire you to restore the connection and furnish the current as heretofore on the same terms and under the same conditions as heretofore," was sufficient as a demand.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Walter Moffat against the New York Edison Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

William W. Pellet, for appellant.

Beardsley & Hemmens (Henry J. Hemmens and Charles I. Taylor, of counsel), for respondent.

PER CURIAM. The action is for the penalty provided in section 65 of the transportation corporations law (Laws 1890, p. 1148, c. 566), for the neglect and refusal of defendant to supply plaintiff with electricity. The court found for defendant, and plaintiff appeals.

The electricity was cut off, and plaintiff wrote demanding the reason therefor. A rather long correspondence took place, and in many letters plaintiff demanded that the electricity be supplied, while defendant insisted on plaintiff's signing a written contract prepared by defendant. Plaintiff wrote:

"I desire you to restore the connection and furnish the current, as heretofore, * * * on the same terms and under the same conditions as heretofore."

There is no objection raised by defendant as to the terms and conditions under which the electricity had been supplied; but, as we have said, defendant insisted upon its particular form of contract being signed. The statute provides that:

"Upon the application in writing of the owner or occupant of any building or premises * * * the corporation shall supply gas or electric light, * * * and if for the space of ten days after such application and the deposit of a reasonable sum, if required, the corporation shall refuse or neglect to supply gas or electric light, as required, such corporation shall forfeit and pay to the applicant the sum of $10 and the further sum of $5 for every day thereafter during which such refusal or neglect shall continue"

—except under certain circumstances, which exceptions do not apply here; nor was any deposit demanded or required by defendant. The question at issue was the sufficiency of plaintiff's demand, above quoted. Under the authority of Jones v. Rochester Gas Co., 7 App. Div. 465, 39 N. Y. Supp. 1105, Id., 7 App. Div. 474, 477, 39 N. Y. Supp. 1110, affirmed 158 N. Y. 678, 52 N. E. 1124, and Bennett v. Eastchester Light Co., 54 App. Div. 74, 66 N. Y. Supp. 292, we think the demand in the case at bar was sufficient.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.