BROWN, P. J.
This action brought to recover the value of two horses, one T-cart, one buggy, and one set of double harness alleged to have been converted by the defendant. The plaintiff’s-proof tended to establish that the property had been in use at a- *688 livery stable at Lawrence Beach Hotel on Long Island in the summer of 1892, and was sent from there by the plaintiff to the stable of James Wood, at Garden City; and that, while in Wood’s stable, was levied upon by the defendant under an execution issued upon a judgment rendered against one Rufus W. Leavitt, and that subsequent to the levy the property was taken away from Wood’s stable and sold. It was the claim of the defendant that after the levy had been made the property was taken from his possession by John J. Walsh, who had been duly appointed the receiver of said Leavitt by an order of the court which antedated the execution, and had been sold by said receiver. The deputy sheriff who made the levy testified that he did not remove the property from Wood’s possession, but that, after he was notified of the receiver’s appointment, and demand was made for the property, he relinquished the levy. The defendant offered in evidence a copy of tire order appointing the receiver, which was excluded,, and the court also excluded all evidence as to the receivership, and limited the proof to the question of Leavitt’s ownership of the property levied upon. To which rulings the defendant excepted. The plaintiff’s testimony also was that one of his horses sent to Wood’s stable was a sorrel and one a bay, While the testimony on the part of the defendant was that both horses levied upon were bays, and that the T-cart was not found at Wood’s, but at sale stable a mile from Wood’s stable. Upon the question of value the plaintiff’s evidence was that the property was worth $600, while the evidence on the part of the defendant was that its value was much less. At the close of the testimony the defendant moved that the court direct a verdict in his favor on the ground that the proof showed that he had relinquished the levy, and that, as he had not taken the property from the possession of Wood, he was not responsible for its loss. The plaintiff at the same time asked that a verdict be directed in his favor. The court thereupon stated that, as both parties had moved for a direction,- he directed a verdict for the plaintiff for $500. To this ruling the defendant excepted, and asked to go to the jury upon the facts, which request was refused.
We are of the opinion that the judgment must be reversed. It is not the rule that a trial court is authorized to withdraw a case from the jury, and direct a verdict, in cases where both parties ask for a direction in their favor. Parties may consent that the court shall pass on all questions, both of law and fact; and, if they do, they will be bound' by their election; and when both, parties ask a direction, and neither requests to goto the jury, it will be presumed that such consent was given. Such was the case of Adams v. Lumber Co. (recently decided by this court). But' every party is entitled to present to the court for its decision such-legal questions as he thinks arise upon the testimony, without be-ing subjected to the penalty of losing his right to have the case* submitted to the jury. And it is only when no request is made to go to the jury that he will be held to have waived that right. If the rule were otherwise, it would never be safe to ask for a direction of a verdict. By so moving, a party might lose his righif *689 io have the case submitted to the jury; and by failing to so move he would be held to have waived the point on appeal. We are aware that there are cases which apparently hold that, where both parties move for a verdict, the court may draw "the necessary inferences of fact from the testimony, and decide the whole case. But the court of appeals has settled the rule as we have stated it. Shultes v. Sickles, 147 N. Y. 704; 69 St. Rep. 712. In this case the defendant requested a direction in his favor on the sole ground that he had relinquished the levy. That motion was properly denied because assuming that fact to be true, a trespass was proven, and the defendant was liable at least for nominal damages. But, assuming that'the levy had not been relinquished, there were ■other important questions of fact to be determined before a ver•dict could be rendered for the-plaintiff. ’The question of plaintiff’s ownership was supported by no testimony but his own. It was not conclusive, and the jury were permitted to disbelieve it if they chose. Moreover, there was testimony to the effect that Leavitt had had sole charge of the livery stable at the Lawrence Beach Hotel, where the property in' question had been in use during the summer of 1892 ; that he rented out the horses and carriages, and .received the money therefor; and that the plaintiff was unknown to the guests of the hotel. This testimony bore upon the question •of the ownership of the property, and its weight was for' the jury to determine. The identification of one of the horses and T-cart levied upon was also in dispute. The question of value was also one exclusively for the jury to determine. It is plain, therefore, that in asking a direction of a verdict on the ground that he had relinquished the levy and surrendered the possession •of the property, the defendant did not waive the question of ownership and value, or his right to have such questions submitted to the jury. Upon the denial of his motion he promptly requested that these questions should be submitted to the jury, and it was error to refuse that request.
The judgment must be reversed, and a new trial granted, with •costs to abide the event.
All concur.