of Green raised an issue, the determination of which lay solely within the province of the jury. Even in the absence of such contradiction, Carrere's credibility, he having been an interested witness, was involved, and the jury was at liberty to accept or reject his statements. Kavanagh v. Wilson, 70 N. Y. 177; Elwood v. Telegraph Co., 45 N. Y. 549. The verdict, amply warranted by the evidence, is an indorsement of the defense, and, unless there be merit in the exceptions to which the plaintiff is remitted, the judgment must remain undisturbed.

The appellant urges that the admission of a receipt and the reference to a release, both executed by her assignor to the firm of R. G. Dun & Co., constituted reversible error. In view of the testimony of Green that the receipt was given for a payment which included compensation for the services alleged to have been rendered to the defendant individually, the receipt was clearly relevant and competent, while the subsequent release was material in support of the issue raised by the answer that there was no special agreement, and that the firm had discharged all obligations to Carrere.

Exception was also taken to the exclusion of a question, propounded on the cross-examination of Green, as to whether a custom prevailed with R. G. Dun & Co. permitting the removal of books from their office for the purpose of doing office work. The plaintiff's object in seeking a negative answer to this question was fully accomplished by Green's concession that the removal was exceptional. A careful examination of the record fails to show any erroneous ruling. The verdict meets with our approval as eminently just, and the judgment of the general term should be affirmed.

Judgment and order affirmed, with costs to the respondent. All concur.

---

KRAUTMAN v. FRIEDMAN.

(Supreme Court, Appellate Term. March 24, 1899.)

1. TRIAL—TAKING CASE FROM JURY—MOTION FOR JUDGMENT.
    Where each party moves for judgment at the close of the testimony, it is a consent that questions of fact may be decided by the court.

2. PROMISSORY NOTES—INDORSEMENT—PAYMENT—EVIDENCE—REVIEW.
    In an action on a note by a third person against a second indorser, where plaintiff testified that he paid the amount due on the note to the payee, after maturity and protest, at the request of the first indorser, a finding that the note was thereby paid by the first indorser, in consequence of which the second indorser was discharged, was justified.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Elias Krautman against Phillip Friedman. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edward D. Newman, for appellant.
Samuel Schlesinger, for respondent.

FREEDMAN, P. J.   This action was brought to recover the sum of $350 upon a promissory note made by one Mehr, payable to the firm of Bliech & Klein, indorsed first by one Newman, the second indorser being this defendant.   After the note in question had matured, and had been protested for nonpayment, this plaintiff went to the holders of the note (Bliech & Klein), and paid it, and the same was then delivered to plaintiff, who thereupon brought this action against this defendant without joining the first indorser, Newman. The defense relied upon by Friedman is that the note was in fact paid by Newman, the first indorser, thereby discharging the second indorser (this defendant) from liability.   At the close of the testimony each of the attorneys for the respective parties made a motion for judgment, and thereupon the court rendered judgment in favor of the defendant.

"Motions of that character, made by the respective parties in an action, are equivalent to a consent that all the questions, both of law and fact, be decided by the court."   Switzer v. Norton, 3 App. Div. 173, 38 N. Y. Supp. 350.   The testimony in the case fully sustains the decision of the court.   Newman, the first indorser, was primarily liable on the note.   The plaintiff testified that he paid the amount due on the note at the request of Newman; in other words, the plaintiff laid out his money at the express request and for the benefit of Newman.   In the view most favorable to the plaintiff, it can only be said that the facts and circumstances shown upon the trial were sufficient to raise the question of fact for the determination of the court below, who found for the defendant and against the plaintiff, and his determination, under all the facts and circumstances in the case, should not be disturbed.

Judgment affirmed, with costs.   All concur.