### BENNETT v. EASTCHESTER GASLIGHT CO.

(Supreme Court, Appellate Division, Second Department. May 2, 1899.)

1. GAS COMPANIES—DUTY TO SUPPLY CUSTOMERS—PAYMENT OF PRIOR BILLS—EVIDENCE.

    Plaintiff removed from a building the day the employé of defendant gas company took the state of his meter, but did not notify defendant of the removal for five days thereafter. Plaintiff's wife testified that she notified the person taking the meter to turn off the gas and take the meter out, and that no gas was burned after such notification. Held, that the question whether the gas company was warranted in refusing to supply plaintiff because of his indebtedness for gas furnished between the time the employé took the meter and the time plaintiff notified defendant of his removal was for the jury.

2. SAME—DEPOSIT AS SECURITY—REASONABLENESS—BURDEN OF PROOF.

    The consumer has the burden of showing that a deposit required by a gas company as a condition precedent to supplying private consumers is unreasonable, under Laws 1890, c. 566, § 66 (Transportation Law), authorizing gas companies to require the deposit of a reasonable sum by consumers as security for the payment of gas bills, as a condition precedent to supplying consumers with gas.

3. SAME—QUESTION FOR JURY.

    The question whether a deposit required by a gas company of consumers, as a condition precedent to supplying them, is reasonable, is for the jury, where it appears that the company has always required the same deposit of all its customers, and that no objection that it was unreasonable had ever been made.

    Goodrich, P. J., dissenting.

Appeal from trial term, Westchester county.

Action by Frank A. Bennett against the Eastchester Gaslight Company. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

David Swits, for appellant.

Frank A. Bennett, in pro. per.

HATCH, J. This action is brought to recover penalties for refusing to furnish gas upon demand made by the plaintiff therefor pursuant to the provisions of section 65 of the transportation law (Laws 1890, c. 566). It appeared upon the trial that the plaintiff demanded

that gas be furnished to him in his office, in the post-office building, at Mt. Vernon, N. Y. The demand thus made was not complied with by the defendant, and no gas was furnished pursuant thereto, for the reason, as claimed by the defendant upon the trial, that the plaintiff was indebted to it in the sum of $1.65 for gas which had been furnished him by defendant prior thereto at his residence, in the city of Mt. Vernon, and for the further reason that plaintiff had failed to make the deposit which the defendant was authorized to exact, by virtue of section 66 of the transportation law, before it could be compelled to furnish any gas. Upon those two subjects, we think a case was presented which required submission to the jury. The proof respecting the indebtedness of the plaintiff consisted in the statement made by an employé of the company who took the state of the meter a day or two prior to the 30th day of December, 1895, on which date plaintiff removed from the premises. He did not, however, notify the defendant of his removal therefrom until four or five days thereafter; and the indebtedness was claimed to have accrued between the time when the state of the meter was taken and the time defendant was notified of the removal. While it is true that plaintiff's wife, who was called by the defendant, testified that she notified the person who took the state of the meter, on the last of December, to turn off the gas and take the meter out, as they would have no further use for it, yet in fact the meter was not taken out until after notification by the plaintiff; and while the proof is quite strong, tending to establish that the defendant had actual notice of the removal from the house, and that no gas was burned after the notification, yet the jury clearly had the right to regard the testimony of the plaintiff's wife as that of an interested witness, and therefore reject the same, as to the notification, and, as the proof of the defendant tended to establish that the indebtedness of $1.65 accrued between the time of taking the meter and the notification of removal, to conclude therefrom that the plaintiff was indebted in that sum. If the plaintiff was so indebted, then the defendant had the right to exact payment of its bill before furnishing any more gas, as provided by section 65 of the statute above cited. When the court's attention was first called to this question, it ruled that there was no question thereon for the jury, and subsequently ruled that there was. The last ruling, if important here, would be deemed conclusive of what the ruling was; and, upon such ruling, we think the court was correct. The other question presented was as to the reasonableness of the amount required as a deposit. This was fixed at the sum of $5. It is asserted that there was no proof to show that such sum was a reasonable sum, as required by the statute, for the gas to be used in plaintiff's office. Upon this subject we think the plaintiff held the burden of proof. This being a penal action, before a recovery can be had the cause of action must be strictly proved. In the absence of all other proof, unless the requirement was unreasonable on its face, the presumption would be that the sum required was reasonable; and plaintiff would be required to overcome this presumption, based either upon an argument from the requirement itself, or by affirmative proof extrinsic of it. Under such circumstances, the question would be for the jury. But, aside from this, we think that upon

the proof the case was sufficient to carry the question of the reasonableness of the requirement to the jury. While proof was attempted to be given by an expert upon this subject, it may be conceded that his evidence was not sufficient to establish the reasonableness of the requirement. It did, however, appear—although there was some conflict of statement in this regard—that the defendant in no case required a less deposit than $5 for furnishing gas to the inhabitants of the city of Mt. Vernon, where a deposit was required. It did not appear that any objection had ever been made by any other person to the reasonableness of this amount; and we think the jury would have been authorized to say, in view of the general acquiescence by the customers of this gas company in making a deposit of this amount whenever a deposit was required, that the same was reasonable. Assuming this to be the correct construction of the evidence, it by no means follows that the plaintiff was not entitled to recover, because his evidence tended to establish that the defendant absolutely refused to furnish gas, whether a deposit was made or not, unless he paid the amount of the claimed indebtedness. The evidence authorized a finding that the plaintiff was willing to make the deposit required, whether reasonable or unreasonable, if the defendant would furnish the gas; and in this regard he simply stood upon his legal right, if there was no existing indebtedness for which he was liable. But it seems clear to our minds that upon both of these questions a case was presented which required submission to the jury.

After the denial of plaintiff's motion to direct a verdict, the defendant made a motion for the direction of a verdict in its favor; and thereupon the plaintiff renewed his motion for the direction of a verdict. The court remarked that, as both parties then moved for such direction, he would grant the plaintiff's motion, and direct a verdict for the plaintiff. Counsel for defendant excepted to such ruling on the ground that the court had no power to direct a verdict for plaintiff in a penal action. The court thereupon directed a verdict for the plaintiff for the sum of $985, to which the defendant then took an exception, and immediately asked to go to the jury upon both of the questions above discussed. This motion the court denied, and therein we think error was committed. It is not necessary that the question be here discussed, as we regard it settled by the decision in Shultes v. Sickles, 147 N. Y. 704, 41 N. E. 574, and the decision of this court in Switzer v. Norton, 3 App. Div. 173, 38 N. Y. Supp. 350.

It follows that the judgment should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., dissenting.

GOODRICH, P. J. (dissenting). The plaintiff sues, under section 65 of the transportation law (2 Rev. St. [9th Ed.] p. 1356), to recover the penalties therein provided for the refusal or neglect of the defendant to supply him with gas at his office, in Mt. Vernon. He had occupied a house formerly occupied by one McNair, and moved out the last of December, 1895, paying the company for all gas burned up to January 1, 1896. There was no evidence to show that any gas

was consumed by the plaintiff in the house thereafter, but the defendant set up in the answer, and claimed at the trial, that gas had been consumed in January, and that the plaintiff was liable therefor to the extent of $1.65, which he refused to pay. There is no evidence in the record that any sum whatever was due from the plaintiff to the defendant. The statute authorizes the corporation to require from any person desiring to be supplied with gas "payment of all money due from him to the corporation," and the deposit of a "reasonable sum of money according to the number and size of the lights used or required or proposed to be used for two calendar months by such person." The plaintiff notified the defendant, in writing, to supply his office with gas, and offered "to comply with any requirements of the company under the statutes." This was a sufficient compliance with the statute. Jones v. Electric Co., 7 App. Div. 465, 39 N. Y. Supp. 1105. The defendant notified the plaintiff that it required the deposit of $5. If, on the trial, this had been followed by evidence that this amount was a reasonable deposit for the amount of gas which the plaintiff proposed to use, he would have been required to tender or deposit it; but, in the absence of such proof, it cannot be held that the plaintiff was required to make the deposit. There is no competent evidence in the case as to what such reasonable sum was. There was an offer to show by a witness that $5 was a reasonable sum, but it is clear that the witness was not competent on this subject, as he did not know how many lights were required, or the size of the burners; and this evidence was properly excluded, for the statute provides that the sum demanded must be reasonable, according to the lights proposed to be used for two calendar months. It was not sufficient to show that $5 was the sum generally required of consumers. The only evidence was that $5 was a reasonable sum to be demanded from any consumer for two months. The witness by whom the defendant offered to prove that $5 was a reasonable amount stated that he did not know how many gas burners the plaintiff required or would use, or the size of the supply pipe; and it was no error to exclude his evidence as to what was a reasonable sum to demand of the plaintiff as a deposit.

Each party moved for the direction of a verdict in his favor, and the court directed a verdict in favor of the plaintiff. Thereafter the defendant excepted, and asked to go to the jury on the question whether $5 was a reasonable price or exaction, under the statute, for the gas to be consumed for a period of two calendar months, and on the question whether or not gas was consumed in the house formerly occupied by McNair. In Switzer v. Norton, 3 App. Div. 173, 38 N. Y. Supp. 350, this court held that a party was not concluded from asking to go to the jury on a question of fact because he had previously asked the court to direct a verdict in his favor; but, under the views of the evidence which we have expressed, there was no testimony which raised a question of fact on either proposition, and we think the motion was properly denied.

The judgment should be affirmed.