No. 10,604.

HOBBS *v.* BREEN.

Decided December 3, 1923.

Action for accounting.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   EVIDENCE—*Book Accounts—Carriers.*   Books of carriers, such as railroad companies, are admissible in evidence on issues between third persons.

2.   *Corporate Records.*   The records of a private corporation are admissible in evidence when identified.   To constitute identification, it is not necessary that the witness have personal knowledge of the facts appearing in such records.

3.   *Bank Books—Statements.*   In an action for accounting, bank pass book and statements, held admissible in evidence.

*Error to the District Court of the City and Couty of Denver, Hon. Clarence J. Morley, Judge.*

Mr. CLARENCE M. HAWKINS, Messrs. DOWD & WALKER, for plaintiff in error.

Mr. HARRY G. SAUNDERS, Mr. B. J. FORD, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an accounting.   Judgment for plaintiff, and defendant has sued out this writ of error.   The cause is here on an application for a supersedeas.

From about January 1, 1914, to the early part of the year 1921, the plaintiff advanced to defendant, at different times, sums of money to be saved and invested for plaintiff. This is admitted. At the trial the controversy related to the question whether or not an accounting had already been had, at times subsequent to 1914, and what amount, if any, defendant is still holding in trust for plaintiff.

The moneys which plaintiff advanced to defendant consisted, for the most part, of wages received as a railroad employee. In the course of the trial it became proper to show plaintiff's earnings. For this purpose the court permitted the introduction in evidence of memoranda taken from copies of pay roll sheets. This memoranda was objected to, not because it was memoranda or a copy of a copy of an original record, but simply on the ground that the original record itself would be inadmissible because, as is claimed, it is a record or a book of or kept by a third party. The defendant relies on the general rule that entries in books of third persons are *res inter alios acta* and not admissible.

It is admitted that plaintiff was an employee of the railroad company. He testified as to the approximate amount of his earnings. The books of the railroad corporation were used in corroboration of his testimony, and they gave evidence of the exact amount of his earnings during a stated period. These books, being the timekeepers' records, were admissible under the rule, or an exception to the rule on which defendant relies, which admits in evidence entries made by third persons in the regular course of business. In *Zoller Co. v. Hartford Fire Ins. Co.*, 272 Pa. 386, 116 Atl. 359, the court, citing 53 L. R. A. 530, says: "Books of carriers, such as railroad companies and express companies, are admissible in evidence, on issues between third persons, on the same principle that entries made in the course of business, which it is the duty of the carrier to make, are competent evidence."

The court also says: "While the earlier rule denied

the admissibility of books of account, in issues between third persons, the modern tendency is to widen the door to their admission."

It is next contended that it was error to use the books of the railroad corporation in evidence because such books covered the years 1915 to 1918, as well as a later period, and during the years named the witness testifying from the books was not an employee of the company and had and still has no personal knowledge of the correctness of the items contained in the books. The defendant invokes the rule that a book entry must be of a fact within the personal knowledge of the declarant. That rule is not applicable here. The records of a private corporation are admissible in evidence when identified. 22 C. J. 900. To constitute identification, or a sufficient verification, it is not necessary that the witness have personal knowledge of the facts appearing in such records. See 3 Wigmore on Ev. (2nd Ed.) sec. 1530. The witness in the instant case made up the current pay rolls, and was competent to identify former payrolls still kept in his office. There was no error in the admission of the timekeeper's records, the former payrolls, or memoranda taken therefrom.

For reasons appearing in the views above expressed, we also overrule the contention that there was error in the admission of a bank pass book. See, in this connection, also the exhaustive note in 53 L. R. A. 529.

The same reasons also sustain the trial court in admitting bank statements, concerning which there is some argument in the briefs. In *Bentley v. Bentley,* 185 Mo. App. 586, 172 S. W. 486, the court, deeming such evidence proper, said:

"* * * Under all the circumstances and in view of the well-known methods of modern business and bank book keeping, and the absence of anything suspicious about the books, and the fact that they were duly identified as the books of the bank, we fail to see why the books themselves showing the accounts of the parties litigant were not admissible in evidence."

There is no reversible error in the record. The application for a supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.