[No. 18640. Department One. February 20, 1925.]

WESLEY LLOYD, *Appellant,* v. H. W. REINARD, *Respondent.*[1]

EVIDENCE (127) — DOCUMENTARY EVIDENCE — BOOKS OF ORIGINAL ENTRY. Cards, copied from separate time sheets made up each day showing the time spent by assistants in labor, are admissible in evidence as books of original entry.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 18, 1923, in favor of the defendant, in an action of replevin, tried to the court. Affirmed.

*Carroll A. Gordon,* for appellant.

*J. Charles Dennis,* for respondent.

MAIN, J.—The plaintiff brought this action as one for claim and delivery of a Hudson automobile, and upon the statutory bond required in such cases being given, the automobile was taken from the possession of the defendant. In the answer, the defendant claimed a lien on the automobile for labor performed and

[1]Reported in 233 Pac. 292.

material furnished in its repair. The cause was tried to the court without a jury, and resulted in a judgment in favor of the defendant for the amount claimed. The plaintiff appeals.

The respondent was operating what is called a one man shop for the repair of automobiles. He did all the work that came in himself, except from time to time when he might employ a helper or helpers temporarily. The appellant left his automobile with the respondent for repair. Before the work in contemplation had been completed, the appellant ordered respondent not to prosecute the work further. Thereafter the respondent sent a statement or statements to the appellant indicating the amount due. After a little time had elapsed and the account had not been paid, the appellant made a tender of the amount that he claimed to be due and brought this action. The dispute was over the sum that should be paid for the repairs actually done upon the car.

Upon the appeal the only question urged is that there was no competent evidence which would sustain the amount for which the trial court entered judgment. Upon direct examination, the respondent testified that he had checked up as to the number of hours spent on the car and that the amount which he claimed was correct for all the work done and for the items expended for materials. Upon cross-examination, he testified that the time of his helpers was kept upon separate sheets every day, and that "My wife copies them on to the cards and I consider these cards the original entry, as my wife copied them from the sheets that I made every day. I carry those sheets around in my pocket and they get dirty and soiled and I do not keep them. They have been destroyed." He further testified that he had no independent recollection as to the time that was spent on the car. There-

upon the appellant moved to strike his testimony, which motion was denied, and it is this ruling that presents the question urged upon the appeal.

Under the holding of this court in the cases of *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158, and *Pacific Tel. & Tel. Co. v. Huetter*, 68 Wash. 442, 123 Pac. 607, the ruling of the trial court was correct and the evidence was sufficient to sustain the recovery.

The judgment will be affirmed.

TOLMAN, C. J., BRIDGES, ASKREN, and PARKER, JJ., concur.