[No. 22069. Department Two. December 5, 1929.]

PEOPLES BANK & TRUST COMPANY, *Respondent*, v. C. E. DOUGLAS, *Appellant.*[1]

*Crandell & Crandell,* for appellant.

*Kerr, McCord & Ivey,* for respondent.

FRENCH, J.—Appellant in this case had been for many years an employee of the respondent. This action is brought by respondent to recover $21,000 which it was claimed the appellant, by virtue of his employment, secured, abstracted, and appropriated to his own use. It was claimed that the method by which the appellant effected his misappropriation was by maintaining savings accounts in the Dexter Horton National Bank in the city of Seattle; that appellant

[1]Reported in 282 Pac. 838.

would deposit a check with the Dexter Horton National Bank drawn upon the respondent bank where he was employed. That he would then, by virtue of his position as head bookkeeper and auditor of respondent bank, obtain possession of this check, conceal or destroy it, and then alter and falsify the books and records of the respondent bank in such a manner as to conceal his misappropriation.

The cause came on for trial before the court with a jury. At the end of all of the testimony, the following proceedings were had:

"MR. CRANDELL: May it please the court, at this time, at the close of all of the evidence, the defendant renews his motion for a directed verdict, upon the ground that there is no evidence now—the evidence having been closed, or the case closed, both by the plaintiff and defendant—of embezzlement. There is no evidence of the taking of any funds by the defendant from the plaintiff bank. I will not argue at length, but I want to renew the grounds as stated at the close of the plaintiff's case.

"MR. McCORD: We also made a motion for a directed verdict, your honor, and we likewise renew our motion for a directed verdict for the plaintiff in this case. And, of course, the court is familiar with what the rule is when both parties request a directed verdict. I now ask the court to take the case from the jury and decide it on the law and the facts.

"THE COURT: Bring the jury in, Mr. Bailiff."

(The jury here came into court, whereupon the following proceedings were had in the presence of the jury).

"THE COURT: Ladies and gentlemen of the jury, both sides to this action have made a motion to the court for a directed verdict, the questions at issue in the case become questions for the court, and the jury is discharged from further consideration of the case. You will report back to the department of the presiding judge.

"Mr. Crandell: An exception to the court's ruling.

"The Court: You may report back to the department of the presiding judge."

(The jury retires from the court room).

"Mr. McCord: Shall I proceed with the argument, your honor?

"The Court: Yes.

"Mr. McCord: If the court please, the first thing I would like to do, briefly, is to outline just how, in my opinion, this scheme was worked. The first thing that the defendant would do would be to draw a check on the People's Bank or—

"Mr. Crandell: Before the argument proceeds, I presume I ought to make my record a little more complete, my motion being directed only to a judgment for the defendant and challenge only to the sufficiency of any proof or any evidence, and an exception to the court's discharging the jury and attempting to decide the case upon its merits.

"The Court: Well, the motion, as made, has to stand as it was made. Of course, you cannot amend the motion now after it has been acted upon.

"Mr. Crandell: I only renewed my motion, made before, challenging the sufficiency of the evidence.

"The Court: The record will speak for itself. Motion denied."

Thereafter the trial court gave judgment for the respondent in the full amount prayed for, made appropriate findings and conclusions to which no exceptions were taken. This appeal follows, and but two questions are presented.

The first question touches upon the admission of certain testimony.

All of the misappropriations which it is claimed appellant made were made in the method outlined above. The exhibit which it is claimed was improperly admitted consisted of deposit slips showing deposits to the account of appellant in the Dexter Horton National Bank. The auditor of the Dexter Horton Na-

tional Bank was called as a witness to produce and identify these deposit slips. They appear to be ordinary deposit slips. They were partially in the handwriting of the appellant, the balance being the ordinary printed deposit slips, and each of them also contained certain notations consisting either of the number "10" or "19-10," which had been placed upon them by employees of the Dexter Horton National Bank. These notations of "10" or "19-10" identified the deposit as having been made by check drawn upon the respondent bank. It seems that is a system used by practically all banks—at least the evidence conclusively shows that it is largely used by all of the banks in Seattle—and the evidence conclusively shows that, under the rules of the Dexter Horton National Bank, it is universally used in that bank as the method of identifying or marking on the deposit slips the bank on which the check deposited is drawn. It was the duty of the various tellers in the Dexter Horton National Bank immediately to make the notation upon the deposit slips showing upon what bank the checks were drawn. All of these notations were made in the course of business and were made by the department over which the witness, the auditor of the bank, had direct control, and the first question presented touches on the question of the admissibility of these deposit slips.

Appellant's first argument is that these deposit slips are not admissible for the reason that the Dexter Horton National Bank was not a party to the action. It may be admitted at the outset that a number of the older cases seemingly so hold. The leading case is *State Bank of Pike v. Brown,* 165 N. Y. 216, 59 N. E. 1, 53 L. R. A. 513. Appended to that case is a very extensive note. But this note discloses that there are well recognized exceptions to the rule. That part of

the above note to the above case appearing on page 529 seems to recognize that books of a bank kept in the regular course of business are, many times and under many circumstances, admissible in evidence in actions in which the bank itself is not a party. We think the great weight of modern authority is to the effect that these deposit slips were admissible. *Hobbs v. Breen,* 74 Colo. 277, 220 Pac. 997; *Cushing v. Riddel,* 255 S. W. (Tex. Civ. App.) 479; *Baskett, Nichols & Norment v. Rudy,* 186 Ky. 208, 217 S. W. 112.

Also the observations of this court in *State ex rel. Spokane & Eastern Trust Co. v. Superior Court,* 109 Wash. 634, 187 Pac. 358, 9 A. L. R. 157, and in the case of *Chase & Baker Co. v. Olmsted,* 93 Wash. 306, 160 Pac. 952, while not directly in point, indicate that such records are clearly admissible.

Counsel also complains that the exhibit was not properly identified. But the auditor of the Dexter Horton National Bank testified that these notations were made in the due course of business, under his direction, by people who were working directly under him. This court is committed to the rule that one having general supervision of the books of account and records and transactions of a company may identify them, even though the actual entries were made by subordinates. *Lloyd v. Reinard,* 133 Wash. 114, 233 Pac. 292, and cases therein cited.

Counsel complain of the action of the trial court in discharging the jury and determining the entire matter as a non-jury case. The rule is:

"Although there is authority to the contrary, it is the settled rule in many jurisdictions that where both parties move for a directed verdict at the close of the testimony, and the party whose motion is denied fails thereafter specially to request that certain questions be submitted to the jury, he will be deemed to have waived a jury trial and to have consented to the de-

cision of all questions by the court." Bancroft's Code Practice and Remedies, vol. 2, § 1446.

This court is squarely committed to this rule. *Knox v. Fuller,* 23 Wash. 34, 62 Pac. 131; *Easterly v. Mills,* 54 Wash. 356, 103 Pac. 475, 28 L. R. A. (N. S.) 952. That such is the rule is recognized in *McClure v. Wilson,* 109 Wash. 166, 186 Pac. 302, 18 A. L. R. 1421; *People's State Bank of Walla Walla v. Driscoll,* 143 Wash. 401, 255 Pac. 134.

We find no error in the record. The judgment is affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and MAIN, JJ., concur.