[No. 27266. Department Two. November 29, 1938.]

MARGARET HARDINGER, *Appellant,* v. HENRY P. TILL *et al., Respondents.*[1]

*Geo. V. Ostroth* and *C. T. Hardinger,* for appellant.

*Wright & Wright (Eugene A. Wright,* of counsel), for respondents.

GERAGHTY, J.—In this action, the plaintiff sought to recover damages from the defendants for breach of the conditions of an earnest money receipt for the sale of residential property in the city of Seattle. A jury having been empaneled to try the cause, counsel for plaintiff, at the close of all the evidence, moved

[1]Reported in 84 P. (2d) 668.

". . . that the court direct a verdict in favor of the plaintiff and instruct the jury as to the measure of damages and that they consider the case for the purpose of fixing the amount of damages to which the plaintiff is entitled."

After argument by plaintiff's counsel in support of the motion, counsel for defendants announced that he joined in the motion

". . . to take the case away from the jury, and have your honor decide this case, and the courts hold that when both parties move the jury is waived and the court must decide the case."

The court thereupon recessed, without passing on either of the motions. When consideration of the cause was resumed, counsel for the plaintiff, addressing the court, said:

"In behalf of the plaintiff, I move the court especially to now submit all of the issues in this case to the jury. . . . As I understand it you haven't ruled on either motion."

The court denied the plaintiff's request for submission of all the issues to the jury, and, in disposing of the prior motions for directed verdicts, denied the motion of the plaintiff and granted that of the defendants.

Having discharged the jury from further consideration of the cause, the court made findings of fact and conclusions of law in favor of the defendants; finding, among other things, that the earnest money receipt, upon which the plaintiff based her action, had been repudiated by her; that she had declined to purchase the property and agreed to forfeit her earnest money. A judgment of dismissal was entered, and the plaintiff appeals.

One of plaintiff's assignments of error is based upon the discharge of the jury and the decision by the court of the issues of fact raised by the evidence.

As there were issues of fact to be determined on conflicting evidence, the court could not have discharged the jury without the consent of both parties. In a majority of the jurisdictions, it has been held that, where each of the parties to an action requests the court to direct a verdict in his favor, and makes no request that the jury be allowed to determine any question of fact, the parties will be presumed to have waived the right to a trial by jury and to have constituted the court a trier of the questions, both of law and fact. See extended notes in 18 A. L. R. 1433; 69 A. L. R. 633; 108 A. L. R. 1315.

This rule has been uniformly followed by this court. *Knox v. Fuller,* 23 Wash. 34, 62 Pac. 131; *Easterly v. Mills,* 54 Wash. 356, 103 Pac. 475, 28 L. R. A. (N. S.) 952; *Sevier v. Hopkins,* 101 Wash. 404, 172 Pac. 550; *Peoples Bank & Trust Co. v. Douglas,* 154 Wash. 450, 282 Pac. 838.

In *Peoples Bank & Trust Co. v. Douglas, supra,* the rule is stated as follows:

" 'Although there is authority to the contrary, it is the settled rule in many jurisdictions that where both parties move for a directed verdict at the close of the testimony, and the party whose motion is denied fails thereafter specially to request that certain questions be submitted to the jury, he will be deemed to have waived a jury trial and to have consented to the decision of all questions by the court.' "

Adverting to the cases cited above, the court, in *Bank of America Nat. Trust & Sav. Ass'n v. Stotsky,* 194 Wash. 246, 77 P. (2d) 990, said:

"Upon careful analysis, it is clear that these cases hold that, when both parties request a directed verdict and reserve no question of fact to be submitted to the jury, they admit that the evidence was free from conflict, and the court may then take the case from the jury."

Referring to the rule as quoted above, it is seen that it embodies the qualification that, where

"'. . . the party whose motion is denied fails thereafter specially to request that certain questions be submitted to the jury, he will be deemed to have waived a jury trial and to have consented to the decision of all questions by the court.'"

Here, the appellant, before the court ruled on either of the motions, withdrew her request for a directed verdict on the primary question of the respondents' liability and requested that all the issues of fact in the case be submitted to the jury. The jurisdictions that have adopted the quoted rule, referred to in the texts as the majority rule, have generally recognized the right of either of the parties, after making the motion, to request that the issues be submitted to the jury. In passing upon a question similar to the one involved here, the supreme court of Montana, in *Stiemke v. Jankovich*, 72 Mont. 363, 233 Pac. 904, said:

"Each of the parties having moved for a directed verdict, as indicated, had nothing more been done the court would have been justified in submitting the case to the jury on the one question as to the value of the piano, considering all other issues as submitted on an agreed statement of facts. . . . However, before the court formally instructed the jury, appellants requested the submission to the jury of all the issues raised by the pleadings and evidence, . . . It is only in the absence of such a request that the court may deem the case submitted as on an agreed statement of facts."

The reason for the qualification of the rule is stated in *Share v. Coats*, 29 S. D. 603, 137 N. W. 402, as follows:

"The reason for the rule giving parties the right to submit questions of fact to the jury upon request, after an adverse ruling upon a motion for a directed verdict, is that every party is entitled to present to the court

such legal questions as he thinks arise upon the testimony, without the penalty of losing his right to have the jury pass upon evidence which comes from interested witnesses, or is of such character that honest men might differ in the conclusions to be drawn therefrom. Otherwise, it is said, it would never be safe to ask for direction of a verdict. *Switzer v. Norton,* 3 App. Div. 173, 38 N. Y. Supp. 350. It is apparent, therefore that a party, desirous of preserving his right to have the jury pass upon the evidence, where it is of such character as to be properly submitted to a jury, may preserve that right by a reasonable and proper request, after the motions for directed verdicts have been ruled upon by the court. Such request would ordinarily be a conclusive rebuttal of the presumption that, by motions for directed verdicts, the parties intended to submit questions of both law and fact to the court. Under the rule adopted by this court, however, when no such request is made, the presumption that parties intended to submit to the court all questions, both of law and fact, become conclusive."

That it is not error for the court to decline to discharge the jury from consideration of the case, even where both parties make motions for a directed verdict, is held in *McClure v. Wilson,* 109 Wash. 166, 186 Pac. 302, 18 A. L. R. 1421.

We conclude that, upon the record, the appellant's motion for submission of the issues to the jury was timely made and should have been granted.

It is unnecessary to discuss the other issues raised by the appellant.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Steinert, C. J., Millard, Beals, and Simpson, JJ., concur.